ALBANY,
January, 1822.

STILWELL
v.
MILLS.

STILWELL and Wife *against* MILLS, impleaded with others.

Where on the appointment of a guardian to an infant, by the surrogate, a bond with sureties is taken, pursuant to the statute, for the faithful performance of the guardianship, and to render an account, &c. an action at law cannot be maintained on the bond, until the guardians have been called to account in the Court of Chancery, to whom the jurisdiction, as to such a trust, exclusively belongs.

THIS was an action of *debt* on a bond given by the defendants, on the appointment of *Mills* and *Ludington*, as guardians of the wife of the plaintiff, when she was a *feme sole.* She was the daughter of *L.* and being about 15 years of age, the *Surrogate* of *Onondaga*, on the 6th of *December*, 1813, appointed *L.* and *M.* as her guardians, pursuant to the statute. The bond was for one thousand dollars, conditioned, that *L.* and *M.* should, in all things, duly discharge their duties as guardians of the infant, and render a just and true account of such guardianship, before any Court having cognizance thereof, when thereunto required. The plaintiffs were married in *November*, 1815. The declaration alleged that the plaintiffs, afterwards, demanded of *L.* and *M.* an account of their guardianship, and of the property of the wife, in their hands, which they refused to render, &c.

There was a demurrer to the declaration, and joinder in demurrer, which was submitted to the Court, without argument.

*Per Curiam.* It does not appear that the accounts of the guardianship have been settled by the parties, or that any proceedings have been had before the *Chancellor*, requiring an account of the guardians. Until the accounts are thus settled, an action cannot be sustained on the bond. A guardianship is a trust, and it peculiarly and exclusively belongs to the Chancellor. (1 *Madd. Ch.* 269., and the cases there cited.) A guardian must first be called to account, before the surety is liable. 1 *Johns. Ch. Rep.* 607.

The Chancellor is authorized to make allowances to the guardian, and that Court has every facility for finally adjusting the trust; whereas, in a court of common law, it would be extremely unfit to submit the accounts to the decision of a jury or referees. The true effect of the condition of the bond, is to render an account in the Court of Chancery

and as this has not been required, the condition of the bond is not violated.

Judgment for the defendant.