Beown, J.
delivered the opinion of the Court.
This is an action of debt upon an administration bond against the security of the administrator, by the only distributee of the intestate’s estate. The *229 declaration avers that there remains in the hands of the said Ellis Maddox, as such administrator of the goods and chattels of the intestate, a residue of $ 1,200, to which the plaintiffs are entitled. It then proceeds to assign breaches : 1st, That said Maddox did not well and truly, and according to law, administer the estate of the said Betsy Harding, the intestate. 2dly, That he did not “ make a true and just account of his administration within two years from the date of the bond.” 3dly, That he did not deliver and pay over the rest and residue of said goods, and chattels, and credits, which were found remaining upon said administration account in his hands, and to which the plaintiffs were entitled.
By the administration bond, taken pursuant to the Act of 1715, ch. 48, § 5, four things are required to be done by the administrator, upon failure to perform any one of which there is a breach of the condition, and an ac-
tion at law may be sustained by any person injured by such breach to whom the Governor is directed to assign the bond.
1. The administrator is to exhibit a true and perfect inventory within ninety days after the date of the bond.
2. He is well and truly to administer, according to law, the goods and chattels, &e., of the deceased.
3. He is to make, or cause to be made, a true and just account of his administration, within two years from the date of the bond. And
4. He is to deliver and pay to the persons entitled by the Act all the rest and residue of the said goods, chattels, and credits which shall be found remaining upon said account, the same being first examined and allowed of by the Court of the County.
The first breach assigned is of the second condition in the bond, and, in my opinion, is not assigned with sufficient certainty. This is such a covenant as requires from the obligee a' particular and specific breach to be shown. 1 Bos. & Pul. 640, Sherne v. Farrington; 8 Term Rep. 459, Barton v. Webb; 2 Saund. Rep. 410, Lord Arlington v. Merrick ; 2 Saund. Rep. 117, Cutter v. Southern, note 1. What particular acts of the administrator would amount to a breach of this part of his bond it is not necessary to say; but it must be something done directly injurious to the rights of the creditor or distributee ; and in the case of the creditor a failure to pay a judgment obtained against the administrator, unless the plea of fully administered be found in his favor, would amount to a breach of this condition ; and this, according to the better reasons and opinions, without any second suit or other proceeding to establish a devastavit against the administrator.
The third breach is also insufficiently assigned; it is for not paying over to the plaintiff the rest and residue of the goods, &c., which were found remaining in the administrator’s hands upon said administration account.
If, in truth, the administrator had accounted, the fact should have been *230 expressly and directly averred, and the balance stated, which were found due and subject to distribution; therefore this breach is bad.
But the defendant’s counsel has taken a broader objection to this part of the declaration, and argues that no suit on this
bond can be maintained until the distributee or legatee has instituted a suit by petition, under the Act of 17 62, ch. 5, or by bill in equity against the administrator, and ascertained the amount due by a decree or judgment.
To support this position, cases have been referred to, decided by the Courts of Massachusetts, New York, and Virginia; 9 Mass. Rep. 114; 14 Mass. 105; 13 Johns. Rep. 437; 19 Johns. 304; 1 Wash. Rep. 31; 1 Munf. Rep. 1; 2 Munf. 24; 3 Munf. 568.
The cases in Massachusetts, so far as they have any application to this question, are founded upon the peculiar provisions of their statutes. The condition of the bond and the requirement of the statute are, that the administrator shall distribute and pay over as by decree of the judge of probate shall be limited and appointed.
The other eases referred to, both in New York and Virginia, are cases of creditors, and determine what shall, with regard to them, constitute a breach of the condition, “ well and truly to administer the intestate’s estate,’’.and, as I think, very properly determine that, as to a creditor, there is no maladministration until he obtains a judgment, which the administrator fails or refuses to pay. To sustain the action on this condition, he must show, first, that he is a creditor, and also that the administrator has not well and truly administered the assets. The first part he might possibly show by other proof than a judgment, but the second he cannot show without judgment, as the administrator may rightfully require the creditor to evince the justness of his claim, by proof satisfactory to the legal tribunals of the country, and to be encountered by such defences and testimony as the administrator may be able to produce, before he shall apply the assets in his hands to the satisfaction of the creditor’s demand. This is the principle upon which all the cases stand; for I have little doubt that for a breach of the first condition in the administrator’s bond, that is, to return a just and true inventory within ninety days, a creditor, before judgment might maintain a suit, because the condition is, most obviously, so far as creditors are concerned, intended to aid them in the prosecution of their suits, and to furnish them with evidence ¿gainst the administrator; but as to this, it is not necessary to give any opinion, and it is only offered to show that the cases cited do not apply to the case now before the Court.
Upon principle and reason, then, what advantage would be obtained by compelling the legatee to go into a Court of Chancery, or into the County Court by petition, if the administrator has exhibited to the County Court an account, and has shown the exact balance remaining in his hands at the end of the two years ? The amount is, in such case, as exactly ascertained *231 as it could be by a decree ; and when shown by himself, must surely be in a mode as satisfactory to the administrator, as when found by the judgment of a court. Here our statute and administration bond differ from the English statute or that of Massachusetts ; for our statute, directs the administrator at the expiration of two years immediately to pay over to those entitled, and so is the bond ; but the English statute directs distribution to be made by the ordinary or judge of probate, and the bond is to pay over the “ rest and residue as the judge, by his decree or sentence, shall limit and appoint.” There is a breach of the administration bond taken under the statute, if the administrator fails to pay over the residue shown by his account to those entitled, upon their application, and offer to give bond according to the Act of 1789, ch. 23, § 2.
I will here notice another argument urged by defendant; that the rights of a feme covert distributee or legatee could better be protected in a Court of Chancery. This argument proves too much, and if good would equally defeat the jurisdiction of the County Court on petition; for the County Court could not administer the equity spoken of; it is peculiar to the Court of Chancery, and depends upon the right to give or withhold its assistance to get possession of the wife’s property by the husband, and is said to be the “ price of its aid.” In England the husband could sue in the ecclesiastical court and recover the distributee share of his wife, without having any condition annexed. It is true, courts of equity have sometimes interfered, upon application- of the wife, under peculiar circumstances, and prohibited the husband from receiving the property, without securing a maintenance to the wife. So, here, whenever a proper case shall be presented, it will probably interfere, when the husband is suing by petition or on the administration bond.
The second breach assigned is, that the administrator did not make a just and true account within two years.
If the administrator did not make a just and true account of his administration within two years, it is a breach of this condition of his bond, and is sufficiently assigned, and constitutes, in itself, an injury to the person or persons entitled, under the statute to receive in distribution the residue of the estate, if any.
Upon this point, the opinion of Chief Justice Holt, in the Archbishop of Canterbury v. Willis, 1 Salk. 315, is a direct authority, and as to this, has never been doubted or disputed, and is supported by Lord Mansfield, in the Archbishop of Canterbury v. House, Cowp. 140.
Upon this breach the plaintiff will labor under the disadvantage of. having to prove what remained in the administrator’s hands, to which he is entitled, which will constitute the measure of damage.
Let the judgment be reversed, demurrer overruled, and the cause re-