## CUDDEBACK *vs.* KENT and others.

The sureties of a guardian may be joined with him as defendants in a bill in chancery, charging him with a breach of trust, and with having wasted the property entrusted to his care, and praying for an account and satisfaction of what may be found due; and it is not necessary that a decree should have been first obtained against the guardian alone, before proceeding against him and his sureties jointly.

The act of 1815, relative to the sale of infant's estates, does not confine the remedy of the infant to a common law action on the bond, against the guardian or his sureties, for a breach of the trust.

It is no defence to a suit upon the bond of a guardian, that such suit has been instituted without an order of the court in which the bond was taken, directing it to be put in suit; but where such bond has been taken in a proceeding before the chancellor, he may by order restrain the proceedings thereon, if it has been prosecuted improperly, and without authority.

The court of chancery has original jurisdiction in the case of an infant against the guardian and his sureties, where the condition of the bond has been broken, to decree an account against the guardian, and to make a decree over against the sureties, to the extent of their liability, if the amount found due to the infant cannot be collected from such guardian.

March 3.    TRUMBULL KENT, one of the defendants in this suit, was appointed special guardian, under the act of March, 1815, for the sale of the real estate of the complainant, who was then an infant; and upon that appointment, the defendants G. Price and A. M. Kent became sureties for the faithful performance of his trust as such guardian. The bill in this cause, after stating the appointment of T. Kent as guardian, and the execution of the bond by himself, and by the other defendants as his sureties, as required by the statute, stated that the real estate of the complainant was sold by the guardian pursuant to the order of the court, and that the proceeds of such sale were received by the guardian, who had squandered the same and had become insolvent. The bill also set forth various acts of misconduct on the part of the guardian, and of disobedience to the orders of the court as to the investment of the proceeds of the sale; and it concluded with a prayer for an account against the guadian, and that he and his

sureties might be decreed to pay what should be found due to the complainant upon the taking of such account. G. Price, one of the sureties, demurred to the bill for want of equity; and also for multifariousness, in joining the sureties with the guardian in the suit for an account. The vice chancellor overruled the demurrer; from which decision the defendant Price appealed to the chancellor.

1835.

Cuddeback
v.
Kent.

*A. Taber*, for the appellant.

1. The bill contains no ground for equitable relief against Price.

2. The other defendants and each of them are improper parties to be joined in the bill with him.

3. A guardian and his sureties cannot be joined in a bill for an account. (*Session Laws of* 1815, *p.* 103, § 2. 1 *Edw. Rep.* 8. 2 *R. S.* 194, § 173.)

4. The bill contains no averments against Price which can sustain a bill against him for an account.

5. There is no averment in the bill against him, except that he became bail; no charge that he had any knowledge of the manner in which the trustship was performed, and no charge of combining and confederating.

6. The bill is multifarious, and by mingling defendants and causes together in one bill, the pleadings, orders and proceedings will be intricate and prolix; and the defendant Price will be put to unreasonable and unnecessary charges in taking copies thereof. (*Edw. on Parties*, 10, 14, 228, 229, 230.) No person can be called into court to contest a future legal right. (1 *Eden*, 520. 6 *John. Ch. Rep.* 242.)

7. The complainant has an adequate remedy at law against Price, upon his bond.

8. By the act of 24th March, 1815, (*Sess. Laws of* 1815, *p.* 103, § 2,) the complainant was bound to take the directions of the chancellor before proceeding in any manner against Price. (*People* v. *Dunlap*, 13 *John. Rep.* 437.)

*J. Edwards*, for the respondent.

1. It appears from the bill that Grant Price is surety for Trumbull Kent as guardian of the complainant, and therefore

interested in any suit which determines Trumbull's liabili-ty and the extent thereof; and he should therefore, or may at least, be made a party to this suit. Every person at all interested in the event of the suit, or necessary to the relief sought, must be a party; in order to enable the court to settle the rights of all, and to make a complete and definitive decree. (*Baily* v. *Inglee et al.*, 2 *Paige's Ch. R.* 278. *Colt* v. *Laonier*, 9 *Cowen's Rep.* 320. *Hickock* v. *Scribner*, 3 *John. Cas.* 318. 1 *John. Ch. Rep.* 349. 2 *Bibb*, 184. *Estill's heirs* v. *Green & Clay*, 2 *Kentucky Rep.* 501. *Step* v. *Otkire, Id.* 260. *Wyatt's Penn. Rep.* 299. *Mitf. (by Jeremy,)* 144. *Barton,* 31.)

2. The sureties of a guardian may be joined with him in a bill by the ward for an account. (*Hutchcrafts* v. *Shrout's heirs*, 1 *Monro's Rep.* 207. *Moore et al.* v. *Waller's heirs*, 1 *Marshall's Kent. Rep.* 488. *Kirby* v. *Turner et al.*, *Hopk. Ch. R.* 309.) In the case of *Moore et al.* v. *Waller's heirs*, the court use the following language : " The act giving an action at law upon the bond of executors or administrators is cumulative, and does not divest the chancellor of his jurisdiction ;" and in page 490 they say, " Though at law a previous suit may be necessary to ascertain the extent of the executor's liability, before the surety can be resorted to ; in chancery no such procedure is necessary. The chancellor will adapt the decree to the nature of the case, and adjust the whole transaction in one suit." In *Wiser* v. *Blackly et al.*, (1 *John. Ch. Rep.* 437,) the suit was against the guardian and the executors of the surety ; and the question was whether the devisee of the surety should be made a party, as the real estate might be liable for the claim.

3. The provision of the 173d section of chapter 1st, part 3d, of the revised statutes, (2 *R. S.* 194,) is cumulative, and does not take away the common law right of proceeding by bill. (*Moore et al.* v. *Waller's heirs*, 1 *Marsh. Kent. Rep.* 488.)

4. After an infant becomes of age, he must proceed by bill, and not by petition against his gurdian for an account. (1 *Edw. Rep.* 8.) It is alleged in the bill that the complainant had become of age.

5. It is not necessary in the bill to allege confederacy be-tween the defendants, or between them and others. This is

a matter of form, and may be dispensed with. Neither is it necessary to charge the defendants with collusion or fraud; which are substantive averments, and need only be alleged where a bill cannot be sustained without proof of them. No proof of either, against Price, is necessary to maintain the bill against him.

6. Where the bill contains sufficient to entitle it to the equitable consideration of the court of chancery, notwithstanding some exceptionable features, a demurrer thereto will be disallowed. (*Brockway* v. *Copp*, 3 *Paige's Ch. Rep.* 539.)

7. It appears from the bill, that Trumbull Kent, the guardian, has forfeited and is unable to fulfil the condition of the bond in which Grant Price is surety for him as guardian; which shews a direct interest in Price in the present suit.

8. The bail cannot complain because they are made parties to this suit. If they should be made liable to any costs in consequence, it would arise from their principal's mismanagement; and in that case they would have complete remedy against their principal.

9. It is alleged in the bill that Kent received the proceeds of the sale of the complainant's real estate and squandered it, and is himself wholly insolvent; which renders him liable without a demand by the complainant for an account.

10. Chancery has the control of a guardian appointed by the surrogate, under the law of 1813, as much as if he had been appointed by this court; (*Matter of Andrews*, 1 *John. Ch. R.* 99;) and of a testamentary guardian as much as of a guardian in socage.

11. Though an infant cannot bring a bill against a guardian, but must proceed by petition, a third person may. (*Eyre* v. *Countess of Shaftsbury*, 2 P. *Wms.* 119.)

THE CHANCELLOR. The last clause of the second section of the act of March, 1815, in addition to the act concerning infants, which authorizes the prosecution of the guardian's bond in any court having cognizance thereof, by direction of the chancellor, was not, as is supposed by the counsel for the appellant, intended to confine the remedy of the injured party to an action on the bond in the common law courts. Neither

can it be set up as a defence to a suit upon the bond, either
by demurrer or otherwise, that the suit has been instituted
without an express order of the chancellor directing the bond
to be prosecuted. The chancellor or vice chancellor, by whom
the appointment is made, has an unquestionable jurisdiction
over the subject, and may therefore restrain the prosecution of
a suit upon the bond, either in the name of the infant during
his minority, or by the infant himself after he becomes of age.
But if such a suit is improperly instituted, the remedy of the
guardian, or his sureties, is by an application to the chancel-
lor or vice chancellor to stay the prosecution of the suit. And
this may be done even after there has been an express order
for the prosecution of the bond in a court of law. (*Walker* v.
*Wild,* 1 *Mad. Rep.* 528.) Neither is it necessary, before a
suit can be instituted upon the bond, that the guardian should
have been proceeded against, and the amount due the ward
ascertained by an order or decree of the court by whom the
appointment was made. Although there is not, as I can find,
any express adjudication on this point in our own courts,
there are several to be found in the courts of some of our sis-
ter states. In the case of *The Justices of Franklin County* v.
*Willis,* (3 *Yerger's Rep.* 461,) a suit was instituted upon the
bond in a common law court, and several breaches of the
bond were assigned. The objection was taken by demurrer,
that the guardian should have been compelled to account, in
the first instance, and the amount thus ascertained with which
he was chargeable, before a suit could be brought upon the
bond, so as to reach the surety. But the supreme court of
Tennessee decided that the party might elect to sue upon the
bond in the first instance; and accordingly judgment was
given for the plaintiffs on the demurrer. In the case of *Tali-
aferro's Ex'rs* v. *Thornton and wife,* (6 *Call's R.* 21,) the court
of appeals of Virginia decided that a legatee might bring a
suit in equity, upon the administration bond, in the first in-
stance; because the decree could be made to operate against
the principal, in the first place, and an account of the assets
could be taken at once. In the case of *Moore* v. *Waller's
heirs,* (1 *A. K. Marsh. Rep.* 489,) which was upon a bill filed
against the executor and his surety in the administration

bond, the court of appeals in Kentucky decided that the action given by the statute, upon the administration bond, in the name of the justices of the county court, was only a cumulative remedy, and did not divest the jurisdiction of the court of chancery in such a case. And that a bill might be filed against the executor and his sureties, in the first instance, without the necessity of first resorting to a suit against the principal, to ascertain the extent of his liability. · A similar decision was made in the case of *Carroll v. Connet*, (2 *J. J. Marsh. Rep.* 198,) where a bill in chancery was filed against the sureties alone, after the death of the administratrix without property. And in the case of *Hutchcraft & Wilson v. Shrout's heirs*, (1 *Monro's Rep.* 206,) where, upon a bill filed against a guardian and his sureties, it was insisted in behalf of the sureties that they were only liable in an action at law upon the bond, the court overruled the objection. Judge Mills, who delivered the opinion of the court in the last case, says : "Equity has always entertained jurisdiction between guardian and ward, and will compel the former to account with the latter for the estate in his hands. If that sum is secured by bond and surety, we have no doubt that the jurisdiction as to the guardian will draw with it the surety. It is more beneficial to the surety that it should be so. He then has the opportunity of seeing that the account is correctly settled. If he is no party to the suit in chancery, and can only be sued at law, after the account is settled, one of two inconveniences must follow ; either he must, when sued at law, be bound by the decree to which he was not a party, and when the account might be settled erroneously, or not having been a party, he would not be bound at all, and could unravel the accounts, in the action at law, and compel the ward to retravel over the whole settlement. It is therefore better that he should be made a party at once, when he can see to his interest ; and when the chancellor thus has possession of the matter, to avoid circuity of action or multiplicity of suits, he will decree the amount to be paid at once." It is impossible to add to the force of this reasoning, as applicable to the present case. From the complainant's bill, it appears

that there have been several direct violations of the orders of the court, in relation to the investment of the proceeds of the sale, by which the condition of the bond has been broken; and that the guardian has squandered the proceeds of the sale and become insolvent. The prosecution of a suit against him alone, in the first instance, would therefore be worse than useless as respects the sureties, and would subject them to the expense of a double litigation. And it would also be a violation of the settled principle of this court, that a useless multiplication of suits is neither to be encouraged nor allowed. Upon the final hearing of the cause, if it shall be found that the guardian has faithfully discharged the trust committed to him, according to the condition of the bond, the bill may be dismissed as to all the defendants, with costs. If, on the other hand, there has been a breach of trust, the court can make the appropriate decree for the payment by the guardian of what may be found due; with a decree over against the sureties, to the extent of their liability, if the whole cannot be collected of the principal debtor.

The decree of the vice chancellor is affirmed, with costs; and the proceedings are to be remitted to him.