By the Court, Bronson, J.
This case cannot be distinguished, in principle, from Stilwell v. Mills, (19 John. 304,) where it was *78 held, that an action could not be maintained upon the bond of the guardian, until after the accounts had been settled by the parties, or there had been some proceedings against the guardian in the court of chancery. That was the case of a general guardian appointed by the surrogate under the act of 1813 ; but the condition of the bond and the nature of the trust were substantially the same as they are under the act of 1815 for the sale of the estates of infants. (1 R, L. 454, § 30 ; St at. 1815, p. 103, § 2,4.) Under the act of 1815, the bond is to be conditioned “for the faithful and just performance of the trust reposed in such guardian, and for the observance of such orders and directions as the chancellor shall from time to time make in the premises, in relation to such trust.” But the statute does not stop here. It goes on—“ which bond, if forfeited, may be prosecuted in any court having cognizance of the same, by the direction of fhe chancellor.” (§ 2.) This shows the sense of the legislature, and makes the case somewhat stronger than one arising under the act of 1813, which contains no such provision. I think .the declaration should show that there have been proceedings against the guardian in chancery. I am aware that a different doctrine was suggested in Caddeback v. Kent, (5 Paige, 92 ;) but it was not then necessary to decide the question, and the case of Stilwell v. Mills was evidently .overlooked by the chancellor.
As this case has been submitted without either brief or points on the part of the plaintiffs, I have charged myself with the duty of counsel, for the purpose of discovering some ground on which' the action, in its present form, may be maintained. The declaration is against Van Hoesen, who vyas one of the sureties, as survivor of the guardian j and it may be that the plaintiffs expect to succeed on the ground that the guardian is dead, and so cannot be called to account in equity. But he may have accounted in his lifetime, or he may have invested the proceeds of the land under the direction of the chancellor. (§ 4.) If neither,of these-things was done in The lifetime of the guardi *79 an, his personal representatives may be required to account. Or, if there be a difficulty in pursuing that course, the plaintiffs must make out a special case showing the necessity of a suit on the bond. Until that is done, a court of law ought not to' undertake the adjustment of a trust of this description, which" properly belongs to a court of equity.
■Judgment for the defendant.-