ANDREW HOOD AND HENRY HOOD, *v.* FREDERICK HOOD, DAVID MOFFAT AND JOHN N. HAYWARD, IMPLEADED WITH OTHERS.

*Bond of non-resident executor — when the sureties thereon are proper parties to an action for an accounting — Right of the court to bring in parties — Who may enforce an executor's bond — An accounting, void as to heirs and next of kin not notified — Proceeds of sale of real estate are covered by.*

The sureties to a bond, given by a non-resident executor, are proper parties defendant to an action brought to procure his removal on the ground of mismanagement, and to compel him to account for and pay over any money in his hands.

Where, upon the trial of an action, brought by a legatee and next of kin, to procure the removal of an executor, and compel him to account, it appears that the plaintiff has assigned his interest in the estate as security for a debt, the court may direct the party holding it as security to be brought in as a defendant.

Legatees under a will may enforce a bond given by a non-resident executor, though not parties to it.

An accounting before the surrogate is absolutely void as to heirs and next of kin not notified thereof.

The bond required to be given by a non-resident executor covers the proceeds of real estate received by him, on sales made under the will or by order of the surrogate.

MOTION by the defendants above named for a new trial on a case and exceptions, under section 1001 of the Code of Civil Procedure, after the entry of an interlocutory judgment herein.

This action was brought by the plaintiffs as legatees and next of kin of Andrew Hood, deceased, against Frederick Hood and Maria L. Hood, as executors, to compel them to account, and to remove Frederick Hood from his position as such executor. The defendants, Moffat and Hayward, were made defendants to enforce their liability as sureties on the bond of Frederick Hood, who was a non-resident. The bond was made to the People of the State of New York.

*Edward P. Wilder*, for the defendant Frederick Hood.

*Abner C. Thomas*, for the defendant Moffat.

*Roscoe H. Channing*, for the defendant Hayward.

*Alfred Roe* and *John I. Macklin*, for the plaintiffs.

BARNARD, P. J.:

The defendants Haywood and Moffat are proper parties. They were sureties liable for the default of Frederic Hood, a non-resident executor. The complaint alleges that Frederic Hood has mismanaged and wasted the estate committed to his hands, and that the sureties to the bond given by him became thereby responsible to the plaintiffs and others entitled under the will. It is necessary that an account should be taken of the extent of the liability of the executor to them. The defendants Haywood and Moffat have a right, at the same time, to take part in this accounting. They would not be bound by an accounting in this action if they were not parties, and it would be necessary when the bond was prosecuted to take the accounting again. The same matter would thus be litigated twice, once uselessly. Such a result is never favored, and, to prevent it, sureties to the bond of an executor have been held proper parties. (*Carow* v. *Mowatt,* 2 Edw. Chy., 59; *Cuddeback* v. *Kent,* 5 Paige, 92.)

It was not erroneous to bring in by order the defendant Frank. It appeared upon the trial that one of the plaintiffs had assigned his interest, in the subject of the controversy, as security for a debt. The Code of Civil Procedure has given courts great power to bring in such parties as are needed for a complete determination of the matter in dispute. (Code, §§ 452, 453, 723.)

The objection to the admission of the executor's bond seems to rest upon a mistake. The bond itself was produced in court from the surrogate's office, duly acknowledged. It was not made an exhibit in the cause, for the reason that the court did not think it best to take an important paper from the files in the proper office, and, therefore, made an exhibit of a certified copy instead of the original. The copy was admitted as proof of nothing. It was simply a copy of an original instrument duly proven.

It is of no importance that the plaintiffs are not parties to the bond of the executor. It was given for the benefit of those entitled under the will, and the plaintiffs, as such, are parties interested and may claim the benefit of the bond to prevent loss to them. (*Lawrence* v. *Lawrence,* 3 Barb. Ch., 71.)

The accounting, in the surrogate's court of Westchester county, was of no binding force. It was instituted by the executors, and

the children and beneficiaries under the will had no notice of it. None is shown, except by the recitals in the decree of the surrogate, and it is positively disproven that any such notice was given. No decree, unless the infant beneficiaries were parties to it, can bind them. They cannot be made parties unless an opportunity to contest is given them. The decree was absolutely void as to those heirs who had no notice.

I think the bond was intended by the Legislature to cover proceeds of the real estate sold under the will or by order of surrogate. Its penalty is double the amount of the personal estate, it is true, but the bond is conditioned that the executor shall "faithfully execute the trust reposed in him as such, and also that he obey all orders of the surrogate."

There is no trust created by the will in Frederic Hood, as distinguished from his duties as executor. None certainly to have alone, and no money ever came to the executor jointly as trustee. Before the operation of the eleventh clause in the will the money was squandered by Frederic Hood.

The exception should be overruled, and the motion for a new trial be denied, with costs.

PRATT, J., concurred.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Motion for new trial denied, and exceptions overruled, and judgment affirmed.