DAVID GIRVIN, RESPONDENT, *v.* WILLIAM HICKMAN AND WILLIAM PERRITT, AS EXECUTORS, ETC, OF JOHN BLISS, DECEASED, APPELLANTS.

*When an accounting by the guardian is not a prerequisite to an action against his sureties—when no demand is necessary before bringing an action.*

An accounting by a guardian is not a prerequisite to an action against the sureties upon his bond, in those cases in which the extent of his liability has been otherwise as definitely determined as it could be by an accounting.

Where a guardian wrongfully converts the money of the ward to his own use, no demand is necessary before bringing an action against the sureties upon his bond.

APPEAL from an interlocutory judgment entered upon a decision of the Monroe Special Term, upon a demurrer to the answer and a demurrer to the reply.

The plaintiff was the sole residuary legatee under the will of Sarah A. Girvin, deceased, and as such was entitled to a legacy of $450 or over. At the time of the death of the testatrix he was a minor, about eight years old. The surrogate appointed George Linfoot his general guardian, and the latter gave the usual guardian's bond. In order to obtain the legacy belonging to his ward, he also inserted in the bond the condition required by 2 R. S., 91, section 47, and the legacy was paid to him by direction of the sur-

rogate. The bond was executed by Linfoot and two sureties, one of whom was the defendant's testator. This action was brought upon the bond by the plaintiff after he became of age.

C. H. Gorham, for the appellants; J. W. Stebbins, of counsel.

D. B. Beach, for the respondent.

SMITH, J. :

The defendants, availing themselves of the rule that, on demurrer, judgment will be given against the party committing the first fault in pleading, allege that the complaint is defective in not averring that there has been an accounting with the guardian, and they contend that such accounting is a prerequisite to an action on the bond against the surety. The question raised by this objection to the complaint is somewhat doubtful, under the decisions in this State.

In Stilwell v. Mills (19 Johns., 304), which was an action on a bond given by a general guardian appointed by a surrogate, it was said, in a per curiam opinion, that a guardian must be first called to account in Chancery, where the jurisdiction as to such a trust exclusively belongs, before the surety is liable. The only authority cited for the position is Wiser v. Blachly (1 Johns. Ch., .607). The question was not in that case ; the real question was whether a surety was holden where the bond was given in the name of the people, instead of the infant (the plaintiff), and it was held that the bond might be amended in that respect. The report of the case does not show whether the plaintiff had attained her majority before the suit was commenced. Salisbury v. Van Hoesen (3 Hill, 77), was an action on a guardian's bond given under the act of 1815 for the sale of infants' real estate (1 R. L., 454, § 30; Laws of 1815, p. 103, §§ 2, 4), in pursuance of the provisions of which act, a condition was inserted in the bond, that the bond, " if forfeited, may be prosecuted in any court having cognizance of the same. by the direction of the chancellor." The court held that the bond could not be prosecuted until proceedings for an account had been had against the guardian,. in Chancery. Cuddeback v. Kent (5 Paige, 92), was also an action on a bond

given under the act of 1815. The chancellor held that the act did not confine the remedy of the infant to a common law action on the bond, against the guardian or his sureties, for a breach of the trust ; that the sureties may be joined with the guardian as defendants in a bill in Chancery for an accounting, etc., and that it is not necessary that a decree should have been first obtained against the guardian alone, before proceeding against him and his sureties jointly.

Several of these cases were referred to by GRAY, C., in *Brown* v. *Snell* (57 N. Y., 286, 297). That was an action upon the bond of a special guardian appointed to sell an infant's real estate. The action was against the guardian and his sureties. The guardian had accounted, before a county judge, on a day not in a stated term, and had stipulated that the judge might enter a decree for the amount appearing due by his account. A decree was entered thereon, purporting on its face to have been made at a "County Court." The accounting was had after the infant had become of age. The defendants contended that the accounting having been made before the judge out of court, the decree was void, and the action could not be maintained against the sureties until the guardian had accounted before a court having jurisdiction. It was held that the decree was valid. It was also held that, conceding the decree void, the accounting was, in effect, a settlement between the parties thereto, which was equivalent to, and rendered unnecessary a formal accounting by order of the court, and that an action upon the bond could be sustained thereon. GRAY, C., speaking of the special provision in the bond in the case of *Stilwell* v. *Mills* (*supra*), said, " The provision could not have been intended to restrain a party of full age from exercising his discretion as to the prosecution of his defaulting trustee, merely because the trust had arisen out of their prior relation of guardian and ward."

It is obvious from the cases that an accounting by the guardian is not always a prerequisite to an action against the sureties upon the bond, and there are many special circumstances in which it may be dispensed with. An accounting by the guardian serves to show the extent of his liability, but it is not conclusive on the sureties. If there is anything wrong about it, they may show it in their own

defense. But, if the case is such that the extent of the guardian's liability appears without an accounting, why should an accounting be required, before suit against the sureties? The condition of the bond in suit required the guardian, among other things, to "render a just and true account of all money and property received by him, and of the application thereof," etc. And again, "to faithfully apply said legacy . . and account for the same when thereunto required," etc. Ordinarily, an accounting would be necessary to show how much of the money or property of his ward received by him remained in his hands, over and above what he had "faithfully applied." But the complaint herein alleges (and upon demurrer, the defendants must be held to concede its truth), that the guardian did not faithfully apply the said legacy, but has wrongfully converted the whole of it (except the sum of $17) to his own use. That fact being conceded, the extent of the guardian's liability is fixed, as definitely as it could be by an accounting.

If the guardian, instead of applying the money to the purposes of the trust, converted it to his own use, he was guilty of a wrong, and no demand was necessary before bringing suit. The demurrer to the eleventh count in the answer is, therefore, well taken. That count avers, in substance, that no demand was made.

The twelfth count in the answer alleges that no notice was given to the sureties of the guardian's default. None was required by the terms of the bond, or otherwise.

The sixth count of the answer alleges that Linfoot, the guardian, for years fed, clothed, maintained and educated the plaintiff. The second count of the reply, which is demurred to, alleges that during the same period the plaintiff worked for Linfoot, lent him money and sold him goods, in ignorance that he had been appointed the plaintiff's guardian. The demurrer to this count in the reply was properly overruled.

It is unnecessary to consider the ground on which the judge at Special Term mainly relied, as stated in his opinion, for the reason that the views above expressed lead to an affirmance of the judgment.

The judgment should be affirmed, with costs of the appeal to the respondent, to be paid by the appellants personally in case the

allegations in the complaint, in respect to the refusal of the defendants to refer the claim, shall be established on the trial of the issues of fact herein; otherwise, to be paid by the defendants out of the estate of their testator in their hands.

TALCOTT, P. J., and HARDIN, J., concurred.

So ordered.