MARY KOCH, an Infant, by JULIUS SCHMITT, her Guardian Ad Litem, Appellant, *v.* JACOB LE FROIS, Respondent.

*Guardian and ward — action by the latter for a specific fraud — a prior accounting by the guardian is not necessary.*

The complaint in an action by an infant alleged that her general guardian had been duly appointed her special guardian in proceedings to sell her interest in certain real estate; that he had connived with a surety, upon his bond as general guardian, to prevent a fair sale of said real estate; that he had willfully defrauded the infant by a sale thereof to said surety at a price which the general guardian knew to be unfair; that the surety had subsequently resold the premises at a large advance, and that this profit had been corruptly shared between the surety and the general guardian.

*Held*, on a motion for a nonsuit, that the complaint stated facts sufficient to constitute a cause of action.

That the rule in chancery (Laws of 1815, chap. 106, § 2), substantially re-enacted in sections 2351 and 2353 of the Code of Civil Procedure, holding that an action could not be maintained upon a guardian's bond against his sureties until after an accounting in equity by the guardian, had no application to a case where an infant sued a guardian personally for a positive and specific fraud.

Appeal by the plaintiff, Mary Koch, an infant, by Julius Schmitt, her guardian *ad litem*, from a judgment or order, entered in the office of the clerk of the county of Monroe on the 7th day of March, 1891, dismissing her complaint after a trial by the court at the Monroe Circuit, with notice of an intention to bring up for review upon such appeal a judgment, entered in said clerk's office, dated the 6th day of March, 1891, dismissing said complaint, with costs.

*G. D. Gillette*, for the appellant.

*H. B. Hallock*, for the respondent.

Dwight, P. J.:

The motion of the defendant at the circuit was in the nature of an oral demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. For the pur-

poses of the motion, therefore, all the allegations of the complaint stand admitted. Those allegations, as summarized in the points of the respondent on this appeal, are as follows:

The complaint alleges that the plaintiff is an infant, and that, in October, 1890, one Julius Schmitt was, by order of this court, appointed her guardian *ad litem;* that Michael Koch, plaintiff's father, died intestate in November, 1884, seized of the premises described in the complaint, which consists of about nineteen and one-half acres of land, on Hudson and Norton streets, in the town of Irondequoit, Monroe county, leaving him surviving his widow and Frank Koch, Mary Koch (plaintiff), and Michael Koch, his children and heirs-at-law; that in November, 1889, the defendant was appointed general guardian of plaintiff by the surrogate of Monroe county, and duly qualified and entered upon the discharge of his duties as such guardian; that in November, 1889, the defendant petitioned the Monroe County Court for leave to sell the interest of plaintiff and others in the real estate hereinbefore mentioned, and to have himself appointed special guardian with respect to said proceedings; that on the 16th day of November, 1889, the defendant was appointed such special guardian by order of the said Monroe County Court, and qualified and entered upon the discharge of his duties as such; that he violated his duty as such special guardian by failing to sell plaintiff's interest in the real estate upon the best terms obtainable, and willfully and fraudulently connived and conspired with one Frank Koch, a surety on his bond as general guardian, to prevent a fair sale of the premises to the highest bidder; that he willfully and knowingly defrauded the plaintiff and her co-tenants by selling the premises to Frank Koch for a less price than responsible and *bona fide* purchasers had given him notice that they were willing and ready to pay therefor; that he falsely reported to the court, on November 18, 1889, that his agreement, made pursuant to an order of said court to sell the premises to Frank Koch for $5,325, said Koch to take the premises subject to two mortgages amounting to $5,700, making altogether $11,025, was for the best terms for which he could sell the property, and that, at the time of the making of such report, he well knew that he could sell said premises to responsible purchasers for over sixteen thousand dollars; that the defendant, pursuant to the agreement of sale, did sell and convey to Frank

Koch the interest of the plaintiff and others in the real property for $5,325, subject to $5,700 in mortgages thereon, and that soon after purchasing said property Frank Koch sold the same for about seventeen thousand dollars, and thereupon the defendant fraudulently and corruptly shared with said Frank Koch the profits of the purchase and sale, amounting to $5,975, and that, by such fraudulent conduct in said proceeding, the defendant violated his duty as such special guardian, and willfully defrauded plaintiff to her damage in the sum of $1,600, for which amount the plaintiff demands judgment.

This complaint seems to have been dismissed under the supposed doctrine of *Stilwell* v. *Mills* (19 Johns., 304); *Salisbury* v. *Van Hoesen* (3 Hill, 77); *Hood* v. *Hood* (85 N. Y., 561); *Perkins* v. *Stimmel* (114 id., 359), and other cases, all of which are cited and relied upon by counsel for the respondent here. We do not consider these cases as authority for the disposition made of this case. All of them are cases of actions on the bond of the trustee, guardian or personal representative, and against the sureties on such bond. That is the action which, in all of the cases cited, it is held cannot be maintained until after an accounting in equity by the trustee. The case of *Stilwell* v. *Mills* (*supra*) is the leading case, followed throughout the whole list, and the gist of that decision, which is substantially re-echoed in all the cases, is contained in the following language of the court: "It would be extremely unfit to submit the accounts (of the guardian), to the decision of a jury or referees. The true effect of the condition of the bond is to render an account in the Court of Chancery, and as this has not been required the condition of the bond is not violated." The case in 3 Hill (*supra*) was an action of debt on the bond, and the court, following the case in Johnson, cites the statute of 1815 (chap. 106, § 2), providing that the bond, if forfeited, can be prosecuted only "by the direction of the chancellor," which direction will be given only after proceedings for an accounting before him. The case in 85 New York holds that the default of the executor must be established by proper proceedings against him before the sureties can be prosecuted upon their bond, and so throughout the list of cases cited.

But neither of those cases partakes of the character of the case at bar. Here is not an action against either principal or sureties on their bond, nor is there any question of an accounting involved

in this case. Here is an action for damage by the fraud and conspiracy of the defendant, who, as it is alleged, taking advantage of his position as special guardian of this infant, has conspired with another to defraud her of one-half the value of her inheritance by a sale of the land for one-half its value, as known to him ; and who, after the consummation of the fraud, has shared with his co-conspirator in the profits of the fraudulent enterprise.

Surely the infant may have his remedy by action for such a wrong without resort to the bond of the special guardian, and it is only to an action on the bond that the doctrine of the cases cited applies.

The provisions of the Code of Civil Procedure (§§ 2351 and 2353), are equivalent to those of the act of 1815, referred to in the case in 3 Hill (*supra*), and both are statutory declarations of the principle of the common law stated in the case in 19 Johnson, viz. : That the bond is not forfeited until a failure to account or pay over after an accounting by the trustee. We do not regard that principle as involved in this case, and know of no reason why the infant may not maintain her action against the guardian, personally, for such positive and specific fraud as is charged in the complaint in this action.

We think that the motion for a nonsuit was improperly granted, and that the judgment entered thereon must be reversed.

MACOMBER and LEWIS, JJ., concurred.

Judgment appealed from reversed, and a new trial granted, with costs to abide the event.