### DOLLARD v. KORONSKY et al.

(City Court of New York, Special Term. December 18, 1908.)

1. REFERENCE (§ 76*)—EXPENSES.

Defendant moved to vacate a default judgment on the ground that he was never served with the summons and complaint. The question of the service was referred to a referee, who proceeded to take testimony, and reported that defendant had been properly served. There were 12 full hearings, the referee taking 555 pages of testimony and 12 days in reading the minutes and preparing his report. His fees amounted to $500, and the stenographer's bill was $428, so that the actual expenses in the proceeding to establish the fact of service, including $10 motion costs, amounted to $938. *Held*, that the charge was not excessive.

[Ed. Note.—For other cases, see Reference, Cent. Dig. § 112; Dec. Dig. § 76.*]

2. COSTS (§ 172*)—ATTORNEY'S FEES—AMOUNT.

An attorney's fee of $1,000 *held* not excessive for services in appearing before a referee to take testimony and report as to the fact of service of summons and complaint on defendant, and in proceedings to punish defendant for a civil contempt in procuring by perjury and deceit mandates impairing and impeding plaintiff's rights and remedies.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 680; Dec. Dig. § 172.*]

3. JUDGMENT (§ 653*)—RES JUDICATA—JUDGMENT ON MOTION.

Where no appeal was taken from the report of a referee, duly confirmed by the court, finding that defendant had sworn falsely in an affidavit denying that he was properly served with a summons and complaint, filed on motion to open a default judgment, the court on a motion to punish defendant for contempt in procuring mandates impairing and impeding plain-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tiff's rights and remedies could not consider the question as to whether defendant had been served.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1160; Dec. Dig. § 653.*]

### 4. CONTEMPT (§ 11*)—ABUSE OF MANDATE—ELEMENTS.

Under Code Civ. Proc. § 14, empowering courts of record to punish by fine and imprisonment a party to an action or special proceeding for any deceit or abuse of a mandate or proceeding of the court, four elements are necessary to hold one guilty of contempt of court in procuring mandates impairing and impeding plaintiff's rights and remedies and causing him actual injury, etc., viz.: First, a deceit on the court; second, that plaintiff's remedies and rights were impaired, impeded or prejudiced; third, that actual loss or damage was caused plaintiff; and, fourth, that he has no other remedy prescribed by law for the recoupment of such damages.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 23–26; Dec. Dig. § 11.*]

### 5. CONTEMPT (§ 11*)—ABUSE OF MANDATE.

Where defendant stayed a default judgment and obtained an order to show cause why it should not be vacated on false affidavits that he had not been served with the summons and complaint, and also obtained on such false affidavits an order of reference to take testimony, thereby subjecting plaintiff to expense, he practiced a deceit and was subject to punishment for contempt under Code Civ. Proc. § 14, empowering courts of record to punish by fine and imprisonment a party to an action or special proceeding for any deceit or abuse of a mandate or proceeding of the court.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 23–26; Dec. Dig. § 11.*]

Action by Albert H. Dollard against Benjamin Koronsky and another, doing business under the firm name of B. Koronsky & Son. Motion to punish said Koronsky for contempt in procuring by perjury and deceit orders or mandates impeding plaintiff's rights and remedies. Motion granted, and defendant fined.

Yorke Allen, for the motion.
Horace London, opposed.

GREEN, J. This is a motion made by the attorney for the plaintiff to adjudge one Benjamin Koronsky, a defendant in this action, guilty as of a contempt of court, and to fine the said Koronsky the sum of $1,759.46 as damages actually sustained by the plaintiff by reason of the alleged deceit practiced upon the court by the said Koronsky in procuring certain process of the court to the injury and damage of the plaintiff in the amount hereinbefore mentioned.

This action was brought by the plaintiff against the defendant Benjamin Koronsky and another to recover the sum of $974.40 arising upon a claim upon a note made by the said defendants' firm, said note having been given for merchandise sold to the defendants' firm by the plaintiff in this action. The summons and complaint was served upon the defendant Benjamin Koronsky, and he making default in appearance and answer, as alleged by the plaintiff, judgment was duly entered for the amount claimed, with costs. Immediately thereafter a motion was made on the part of the defendants to vacate the judgment entered upon the alleged default, upon the express ground and as a matter of right as claimed by the defendant that he, the said

Koronsky, upon whom it was claimed service of the summons and complaint had been made, had never been served with the summons and complaint. Upon the numerous and conflicting affidavits presented to the court at Special Term upon that motion, an order was duly made and entered that the question of the service of the summons and complaint upon the defendant Benjamin Koronsky be referred to a referee named in the order, and that he take the testimony and report his opinion thereon as to the service of the summons and complaint upon the defendant Benjamin Koronsky to the court. The referee duly proceeded to take testimony, and reported and found that the defendant had been properly served with the summons and complaint, and this finding was confirmed upon a motion duly made therefor.

The facts in this case present clearly and forcefully the damage and harm which may well arise from perjury committed in regard to the service of process, and which unfortunately is so prevalent in all the courts of our city, and for the eradication of this evil only drastic measures can obtain the relief desired. The referee took 555 pages of testimony. There were 12 full hearings. The referee took 12 days in reading the minutes and preparing his report, and the referee's fees, which were paid, amounted to $500. The stenographer's bill amounted to $428, so that the actual expenses and disbursements in the proceeding to establish the fact of service amounted to $928, which, together with $10 motion costs, amounted to $938; and I am constrained to say that, notwithstanding the seemingly large amount of the expense, from the amount of testimony presented and labor performed, I am of the opinion that that charge is not excessive. In addition to this amount, the attorney for the plaintiff asks that he be allowed $750 for services rendered in and upon the reference and proceedings incident thereto, and that the further sum of $250 for services rendered upon this motion to punish the defendant for contempt of court be allowed him; and neither can I say that this request is exorbitant, for the motion papers before me consist of the most perfect, elaborate and complete set of moving papers that this court has ever had the pleasure or duty to examine. The moving papers, exclusive of the stenographer's minutes, containing a statement of all the proceedings, consist of about 125 typewritten pages, including counsel's brief before the referee of 39 pages, and the professional work, labor, and services expended upon this motion and the papers thereon have been extraordinary and prodigious. The court is now requested upon this motion to fine the defendant the amount of these expenses, counsel fees, and disbursements, and by its order to direct its payment by the defendant.

It is proper also to state that included in the order of reference was a provision therein that in order to release the property from the levy of the sheriff, and which levy had been made by the sheriff under the judgment originally entered, that an undertaking in the sum of $1,400 be given to secure any judgment obtained herein, as well as costs and disbursements, and that such undertaking was given, and that there remains over and above the judgment secured the sum of $160.54, for which sum plaintiff has given a credit to the defendant. In other words, the plaintiff submits that the fine imposed upon the defendant shall consist of the following items: Referee's fees, $500;

stenographer's fees, $428; counsel fee upon the reference, $750, and $250 for counsel fees upon the motion to punish for contempt, making a total of $1,920, less an offset or credit on the amount of the undertaking above the judgment of $160.54, leaving the amount demanded $1,759.46. The items of expenses and disbursements are not disputed. Neither are they claimed to be exorbitant. So that the only question to be determined, other than the question of law involved as to the power to punish the defendant, is as to the reasonableness of the counsel fee of $1,000. Upon this point plaintiff's counsel submits an affidavit of 13 pages covering the services rendered. He attended the 12 hearings before the referee, and I believe should be allowed $30 a hearing for the work he there performed, making a total of $360. He prepared a necessary and elaborate brief of 39 pages, containing a resumé of all the facts and testimony, and I am of the opinion that the labor and services there performed is reasonably worth the sum of $250. He prepared the motion papers in the matter at bar, containing about 130 pages, including his brief, and his labor upon this motion is certainly worth $250; and, with the incidental labor necessary in the preliminary examination of witnesses and the labor incidental to the preparation of the papers herein, the charge of $140 is not excessive. While the court is somewhat reluctant to allow a counsel fee of the size requested, it is nevertheless absolutely impossible to examine the papers upon this proceeding without coming to the conclusion unhesitatingly that $1,000 is neither excessive nor exorbitant for the professional services rendered, and that such a charge is a fair and reasonable charge for the work, labor, and services performed.

The defendant who is called upon to pay this expense still makes the claim that he never was served with the summons and complaint in this action; but with the finding of the referee and the confirmation of his report by a justice of this court, and no appeal having been taken from the order of confirmation, and the time having elapsed within which he could do so, I am estopped from any consideration of that question whatsoever, and must therefore, for the purposes of this motion, assume that the defendant Koronsky was served with the summons and complaint, and that, when he swore that he was not served with them, he testified falsely and acted deceitfully to the court; and I have no hesitancy in saying that the record of the proceedings before me convinces me that he was served with the papers and that he is still unrepentant and untruthful to the last. The moving papers show that he has since this proceeding was instituted disposed of his property to his son in an attempt to evade the rigor of the law. He maintains, however, that he should not be fined, because in moving to set aside the judgment he was exercising a legal right; but I know of no law nor a principle of law which permits a man to attempt to assert a legal right by the exercise of a manifest wrong. There was no misunderstanding in this proceeding as to the nature of the charge before the referee. Both sides conceded that the question was not one of an unintentional mistake, and both sides agreed before the referee that the question was one of perjury pure and simple, and the question was to ascertain who committed it. The referee found against the defendant upon that point, and there remains but for me to say whether

the deceit practiced in staying the judgment on false affidavits and in obtaining the order to show cause to vacate the judgment is such deceit as to warrant the imposition of the fine. I have not been referred to a single case in point, and the court has been unable by independent research to find any.

Under section 14 of the Code of Civil Procedure a court of record has power to punish by fine and imprisonment a party to the action or special proceeding for any deceit or abuse of a mandate or proceeding of the court; so that the question to be decided upon this motion is whether or not the defendant Koronsky having presented his affidavits stating that he was not served with the summons and complaint, and others in corroboration of that statement, and upon such presentation having obtained an order of this court to show cause why the judgment should not be vacated and set aside, and having obtained a stay of all proceedings pending the hearing of that motion, and staying proceedings on the part of the sheriff until the hearing of the motion, and having obtained on such false affidavits an order of reference of this court to take testimony, whether such facts, being untrue, is a deceit to the court or of the court. In the case of Fromme v. Gray, 14 Misc. Rep. 593, 36 N. Y. Supp. 1107, affirmed 148 N. Y. 695, 43 N. E. 215, on the opinion of the court below, the court said:

"The statute stigmatizes 'any deceit' as a contempt. * * * Deceit in what? Manifestly deceit upon the court in procuring its mandate or process."

There is a dearth of judicial expression as to the meaning of the word deceit, as applied to the language of section 14 of the Code, and the only expression on the subject is the case hereinbefore referred to. From the finding of the referee it is evident that the defendant Koronsky swore falsely in stating that he was not served with the summons and complaint, and by swearing falsely in that affidavit, and obtaining others to corroborate his statement, he obtained an order or mandate from this court which stayed all the proceedings on the part of the plaintiff from proceeding under the judgment; and I am of the opinion that the said Koronsky, within the meaning of section 14 of the Code, practiced a deceit upon the court within the meaning of that section in order to obtain a stay of proceedings and the order of reference, bringing his conduct within subdivision 2 of the Code of Civil Procedure. It is well known that four elements are necessary in a matter of this kind in order to hold one guilty of contempt of court. The first ground is that it must be shown that there was a deceit on the court; the second, that the plaintiff's remedies and rights were impaired, impeded, or prejudiced; third, that actual loss or damage was caused to the plaintiff; and, fourth, that he has no other remedy prescribed by law for the recoupment of such damages. An examination of the facts and circumstances in this case convinces me that the plaintiff has indisputably established all four. The defendant claims that he should not be compelled to pay the enormous expense of the reference, because it was not thought originally by the parties that the proceedings would be continued over any considerable length of time; and his position is that he should not be called upon to pay such expense, which it was originally thought would not amount to

such a large sum. But the answer to that objection is that the defendant should be held responsible for the direct and immediate result of his wrong in swearing to the affidavit originally made by him and which was shown to be false, and that he should be compelled to respond by fine to the actual damages and disbursements which were occasioned the plaintiff by reason of the wrongful conduct of the defendant.

It is now high time for the court in unmistakable language to denounce conduct such as that of which the defendant stands proven guilty. It is not enough to say that one guilty of such conduct may be punished by prosecution at the hands of the criminal authorities. There are penalties more severe to a man of the character of the defendant than a prosecution for perjury. To such a man the deprivation of liberty means nothing as compared with deprivation of property. The former may annoy or disgrace, but the latter affects him most. The court has carefully examined all the facts and circumstances in this case and it has no compunction in performing the duty which now devolves upon it. Affidavits of the character made by the defendant are offered daily in the courts with almost as much ease as the presentation of visiting cards, and the court has heretofore expressed its determination of rendering all its aid in stamping out an evil which is fast stifling justice in our courts.

The motion to punish for contempt is granted. The defendant is fined the sum of $1,759.46, to be paid within 10 days after the entry of an order hereon and service of a copy of the order hereon upon him. In default of such payment, let a commitment to the county jail be issued.