WOLFE KARON, JOSE KARON and SAMUEL M. KARON, Respondents, *v.* MAX EISEN, " JOSEPH " EINHORN and BEN-JAMIN WIESENFELD, SAMUEL WIESENFELD and MAX SPALTER, the Name " Joseph " Being Fictitious, Real First Name Unknown to Plaintiffs, Appellants.

(Supreme Court, Appellate Term, May, 1911.)

Contempt — What constitutes — Disobedience — Order to pay money.
Costs: Amount — Allowance on motions and interlocutory proceedings — Reference: Payment and enforcement thereof — In general — Costs of motions and interlocutory orders generally.
Reference — Report and findings — Review on coming in of report — Confirmation — Objections to confirmation — Determination by referee not required by order.

> Although a referee appointed to take proof and report assumes to determine the questions at issue, the court may, upon such report and the evidence taken by the referee, make an order determining such questions.

> Upon a reference on a motion to vacate a judgment on the ground of non-service of process, where the question of service has been determined adversely to the defendant, the court has no power to allow the plaintiff a counsel fee of seventy-five dollars or to provide in the order that, if defendant fails to pay the amount directed to be paid by the order, he shall be adjudged guilty of contempt of court.

APPEAL by the defendant Samuel Wiesenfeld from an order of the Special Term of the City Court of the city of New York, adjudging that he was served with a summons and complaint in the above entitled action.

Joseph Gans (M. Spencer Bevins, of counsel), for appellant Samuel Wiesenfeld.

I. Gainsburg, for respondents.

SEABURY, J. This motion was granted upon the coming in of the report of a referee appointed to take proof and report. The referee was appointed upon the defendant Wiesenfeld

having moved to vacate a judgment entered against him upon the ground of non-service.

The report of the referee assumes to determine the issue which was submitted to him only for the purpose of taking proof and making a report.

The order appealed from, however, shows that the court regarded the reference merely as a report; and, since there is sufficient competent evidence adduced to sustain the court's determination that the defendant was actually served, we cannot disturb this finding.

The order also adjudges that the defendant Wiesenfeld should pay all the costs of the reference which amount to two hundred and ninety-three dollars and seventy-five cents and seventy-five dollars allowance to the attorney for the respondents and the fees and the poundage of the sheriff and keeper's fees, and adjudges that, if the defendant fails to comply with the provisions of this order, he shall " be and he hereby is adjudged guilty of contempt of this court." This last clause was wholly unauthorized and illegal, nor is there any authority for the allowance of seventy-five dollars, which was made to the attorney.

The order is modified by striking out the clause requiring the defendant Wiesenfeld to pay seventy-five dollars to the attorney for the respondents and adjudging the defendant guilty of contempt and as modified is affirmed, with ten dollars costs and disbursements to the appellant, which may be offset against the costs which the order directs the defendant Wiesenfeld to pay.

LEHMAN and GERARD, JJ., concur.

Order modified, and, as modified, affirmed.