### KRONENTHAL v. ROSENTHAL et al.

(Supreme Court, Special Term, New York County. December, 1913.)

1. MORTGAGES (§ 473*)—FORECLOSURE—RECEIVERS—IMPROVEMENTS—EXPENDITURES—ALLOWANCE.

Though an original order appointing a receiver to take charge of real property in mortgage foreclosure proceedings limited his power to make expenditures for repairs to rents collected by him, the court had power to allow expenditures on the coming in of the receiver's report not previously sanctioned.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1384; Dec. Dig. § 473.*]

2. MORTGAGES (§ 473*)—FORECLOSURE—RECEIVERS—REPAIRS.

A receiver of property in mortgage foreclosure proceedings should make only such repairs as are strictly necessary for the preservation of the property.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1384; Dec. Dig. § 473.*]

3. RECEIVERS (§ 202*)—NECESSITY—EXPENSE.

Where a reference was necessary to examine a receiver's account because he insisted on obtaining unwarranted allowances, he would be charged with the expense of the reference.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 403; Dec. Dig. § 202.*]

4. RECEIVERS (§§ 194, 196*)—COMPENSATION—COUNSEL FEE.

Where a receiver, appointed in foreclosure proceedings, made unwarranted expenditures for repairs for the benefit of a relative, and insisted on receiving certain unwarranted allowances, necessitating a reference to examine his report, an allowance for compensation and counsel fees would be denied.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 385, 386, 387, 389–391; Dec. Dig. §§ 194, 196.*]

Action by Blanche Kronenthal against Louis Rosenthal and others. On motion to settle and confirm the accounts of a receiver. Motion granted.

Reuben M. Cohen, of New York City, for the motion.

James H. Deignan, of New York City (Isaac N. Miller, of New York City, of counsel), opposed.

GIEGERICH, J. When this application to settle and confirm the accounts of a receiver came on for argument, a reference was ordered in aid of the decision of the motion. The receiver, appointed in a foreclosure action, took possession of the property on April 3, 1912, and remained in possession until June 27th of the same year, when the plaintiff, who bought the property in, took possession. The receiver's account shows that during that time he had extensive repairs and renovations made upon the property, chiefly in papering and painting and plumbing work, the cost of which, with his administration disbursements, amounts to $1,681.33, of which he has paid $1,124.22, leaving $557.11 unpaid. The total amount collected by him was $978.-57. He claims to have paid $218.27 out of his own funds. The receiver apparently proceeded to make such expenditures as he saw fit upon the property without any authority except the general power conferred in the order of his appointment to make necessary repairs.

The plaintiff has objected to the great bulk of the expenditures so made. After a patient hearing of the testimony on both sides, amounting to several hundred pages, the referee has recommended that the receiver be allowed a total of $1,131.58, instead of the $1,681.33 claimed. Neither side is satisfied with the referee's report; but I believe the disposition he advised is as fair a one as can be made of the difficult controversy. A careful examination of the record convinces me that the referee is right in his view that the receiver inexcusably transcended his powers in order to enhance his compensation and to benefit his cousin by marriage, a painter, who did most of the work. Still, to the extent that the referee recommends allowances to the receiver, the work embraced was reasonably requisite to the maintenance of the property in proper repair, and the plaintiff has received the benefit of such repairs and there is no hardship upon her in requiring her to pay for the same.

[1] On her behalf it is argued that at most the receiver should be allowed only the amount of the rents he collected; but while the original order appointing the receiver may be construed as limiting his power to make expenditures for repairs to rents collected by him, still the court has power to allow expenditures incurred by the receiver without prior sanction (Vilas v. Page, 106 N. Y. 439, 451, 13 N. E. 743; Kent v. West, 33 App. Div. 112, 117, 53 N. Y. Supp. 244), and, to the extent indicated, I think that should be done in this case. I wish to commend the excellent opinion written by the learned referee, which contains an accurate statement of the powers and duties of receivers, fortified by numerous citations. It is to be regretted that the opinion cannot be placed in the hands of every receiver, and I fear

there are many of them inclined to undue freedom in making expenditures on property temporarily intrusted to their care.

[2-4] Such receivers should bear in mind that they should do only such things as are strictly necessary for the preservation of the property. I also adopt the recommendation of the referee that the receiver be charged with the expense of the reference which was rendered necessary by the receiver's insistence in seeking to obtain unwarranted allowances. Compensation and counsel fee will also be denied to the receiver.

The referee finds a balance due the receiver of $39.09. This should be increased by the amount of rents apportioned, viz., $113.92, with which the referee surcharges the receiver's account, apparently overlooking the fact that such amount is included in the gross total of rents with which the receiver charges himself in his account. Eliminating this surcharge, the receiver should receive $153.01, which is the difference between $1,131.58 allowed him and $978.57, the total collected from all sources by him.