MAX FINE, Plaintiff, *v*. CLINTON REALTY CO., INC., et al.,
Defendants.

(Supreme Court, Bronx County Special Term, December, 1918.)

Reference — compulsory — when motion to confirm report of referee
granted — costs — receivers — Code of Civil Procedure, § 1015.

A reference to determine and report upon questions of fact
arising about conflicting affidavits with respect to certain items
of the accounts of a receiver in a foreclosure action comes
clearly within section 1015 of the Code of Civil Procedure.

Upon a motion to confirm the report of the referee in such
case the plaintiff's attorneys may not be granted an allowance
for services rendered by them in connection with proceedings
had to surcharge the receiver's account, and only motion costs
can be allowed to the plaintiff.

Where the present reference and a previous like one were
rendered necessary by the receiver's insistence in seeking unwar-
ranted allowance of certain items in his account he should be
charged with the expense of both references.

The receiver's account surcharged with the various sums men-
tioned in the referee's report except an amount paid by the
receiver for counsel fees, without leave of the court, it appear-
ing that the exigencies under which the services were rendered
were such as to justify the expense.

A motion to confirm the referee's report and for a direction
that the receiver forthwith pay to the plaintiff the amount
stated in the report to be in his hands and the amount of the
expense of the two references, granted.

MOTION by the plaintiff to confirm the referee's
report and to direct the receiver to pay the balance
shown to be due in such report together with certain
disbursements and the allowance of a counsel fee.

Morrison & Schiff, for motion.

Willoughby B. Dobbs, opposed.

GIEGERICH, J.   The plaintiff moves for the confirmation of the referee's report and for a direction that the receiver forthwith pay to him a sum of $858.17, the amount stated in said report to be the balance in the hands of the receiver, and in addition thereto the sum of $337.70, the amount of the disbursements of the plaintiff in connection with the two references which have been had herein, and the further sum of $500 as counsel fee to the attorneys for the plaintiff for their services in connection with the proceedings had herein to surcharge the receiver's account, making a total claim of $1,695.87.   So far as concerns the first branch of the motion, which seeks the confirmation of the referee's report and a direction for the payment of the balance found by him to be in the receiver's hands, I am of the opinion, after careful examination of the evidence, that the referee is right in his conclusion that the receiver's account should be surcharged with the various sums mentioned in his report, amounting altogether to the sum of $696.58, except the surcharge of $60 paid by the receiver for counsel fees, as more specifically set forth in the eighth paragraph of the referee's· report, which I think should be eliminated and the sum so paid credited to the receiver.   The referee's report in adverting to such services states " that the necessity and reasonableness of these charges are beyond dispute, but their payment in advance of the allowance of the court must be at the receiver's risk."   While it is true that the receiver did not first obtain permission of the court to employ counsel, the evidence shows that the exigencies under which the services were rendered were such as to justify the allowance of the expenditures made therefor in the exercise of a wise discretion.   *Niagara Life Ins. Co.* v. *Lincoln Mortgage Co.,* 175 App. Div. 415,

416. The said sum of $60 should therefore be deducted from the gross total of the surcharges as well as from the sum shown by the referee's report to be the balance due from the receiver. According to the referee's report the following is a summary of the receiver's account, after taking into account all surcharges allowed by the referee, viz.: To be charged to the receiver —Amount as admitted, $2,100.50; amount Kenner rent, $36; total, $2,136.50. To be credited to receiver — Overhead charges, $383.80; administration expenses, $44.90; repairs, $849.63; total, $1,278.33. Balance in the hands of the receiver, $858.17. After deducting such surcharge of $60 from the sum last mentioned as a balance due from the receiver there remains the sum of $798.17. The branch of the motion to confirm is therefore granted to the extent indicated, and the receiver will be directed to pay said last mentioned sum. I am also of the opinion that, in addition to such sum, the receiver should be charged with the expense, amounting to $337.70, of the two references which were rendered necessary by the receiver's insistence in seeking unwarranted allowances of certain items in his account. *Kronenthal* v. *Rosenthal,* 144 N. Y. Supp. 830, 832. There remains the question of a counsel fee. In support of his claim the plaintiff cites *Dollard* v. *Koronsky,* 61 Misc. Rep. 392, but I do not think that case is in point. There the defendant moved, after entry of judgment on default, to vacate it on the ground that he had never been served with the summons and complaint. Upon the conflicting affidavits presented the question of the service of such papers was referred to a referee to take testimony and report with his opinion thereon. The referee reported that the defendant had been properly served, and such report was thereafter con-

firmed. Subsequently a motion was made to punish the defendant for contempt for a deceit practiced upon the court, and the defendant was fined a certain sum, which included the fees of plaintiff's counsel for services rendered upon the reference which was had to ascertain the facts relative to the service of the summons and complaint and the proceedings had incident thereto and for services rendered upon such motion to punish for contempt. The imposition of such a fine is expressly authorized by section 2284 of the Code of Civil Procedure, the provisions of which are now found in section 773 of the Judiciary Law. Under such provisions the disbursements and counsel fees paid by the aggrieved party constitute actual loss or injury produced by reason of the misconduct of the offending party, and a fine sufficient to indemnify the aggrieved party for such expenses must be imposed upon the offender. *People ex rel. Pierce* v. *Brice,* 34 Misc. Rep. 491, and cases cited. It will be seen from the foregoing statement of the proceedings had in the case cited that the question of an allowance of counsel fees was not presented when the report of the referee as to the service of the summons and complaint came on for confirmation, and that it did not arise until proceedings to punish the defendant for contempt were instituted. As above shown, the allowance of a counsel fee and the inclusion of the amount thereof in the fine to be imposed on the respondent in contempt proceedings is expressly authorized by statute as well as by the decisions thereunder. I know of no authority, however, for the allowance of counsel fees to the party objecting to items contained in the account of a receiver appointed, as in this case, in a foreclosure action, where he succeeds in surcharging such account. As I gather from the papers, the former referee, as

21

well as the referee whose report is under review, was appointed to determine and report upon questions of fact arising upon conflicting affidavits with respect to certain items contained in the receiver's account. Such a reference comes clearly within the provisions of section 1015 of the Code of Civil Procedure, and the only reported case which I have been able to find where the question of the allowance of a counsel fee upon such a reference was presented is that of *Karon* v. *Eisen,* 72 Misc. Rep. 12. In that case the defendant moved to vacate the judgment on the ground of non-service of the summons and complaint. A referee appointed to take proof reported that the defendant was actually served. The referee's report was confirmed, and the defendant was, among other things, directed to pay $75 allowance to the attorney for the plaintiffs. On appeal to the Appellate Term the order was modified by striking out the clause requiring the payment of such sum, the court saying that there was no authority for making such allowance. That case is a direct authority that no allowance whatever can be made to the plaintiff's attorneys for the services rendered by them in connection with proceedings had to surcharge the receiver's account. Neither is the plaintiff entitled to recompense by way of costs beyond $10 motion costs for the expense he has been put to for such services. Section 3236 of the Code of Civil Procedure provides: " Costs upon a motion in an action, where the costs thereof are not specially regulated in this act, or upon a reference made pursuant to sections 623, 624, 827 or 1015 of this act, may be awarded, either absolutely or to abide the event of the action, or of the reference, to any party, in the discretion of the court or judge." As the references which have been had herein were relative to the receiver's account, and were

made pursuant to said section 1015, only motion costs can be allowed to the plaintiff. It may be further observed that as a general proposition all that can be allowed a successful litigant are the costs fixed by statute. Where the court has power to allow anything beyond costs that power is expressly granted and governed by statute, as in the case of additional allowances in the classes of actions and proceedings described in sections 3252 and 3253 of the Code. Counsel fees may be allowed, it is true, where injunctions or attachments are unwarrantably procured, but here again the allowance is made under the provisions of the statute prescribing the form of undertaking to be given on procuring the injunction or the attachment (Code Civ. Pro. §§ 620, 623, 640) and the long-established construction placed upon such provisions. *Rose* v. *Post,* 56 N. Y. 603, and cases cited. In the instances I have just referred to, as well as in contempt proceedings, the allowance of counsel fees or anything additional to costs is under authority of definite statutory provisions. I have been much impressed with the argument of the plaintiff's counsel in support of their application for reimbursement of moneys expended by their client for counsel fees in his proceedings to surcharge the receiver's account, but I am satisfied that I have no authority to direct the payment thereof. Motion granted to the extent above indicated, but in all other respects denied, with $10 costs to the plaintiff and $337.70 disbursements.

Ordered accordingly.