JAMES C. FRENCH, PLAINTIFF, _v._ SAMUEL T. DAUCHY AND GEORGE K. DAUCHY, DEFENDANTS, IMPLEADED WITH JOSEPH W. NICHOLS.

_Receiver's bond — sureties upon, not liable until the receiver or his administrator has been called to an account._

Where a receiver has died during the continuance of the receivership, and an administratrix of his estate has been appointed, and no proceedings have been taken to compel an accounting either by the receiver or his administratrix, an action cannot be maintained against the sureties upon the receiver's bond (there being no insuperable obstacle to an accounting by the receiver or his administratrix) until such accounting shall have been had.

MOTION for a new trial made by the defendants upon exceptions taken on a trial at the New York Circuit, before the court and a jury, which were ordered to be heard in the first instance at the General Term.

_S. B. Brownell_, for the motion.

_Edward D. McCarthy_, opposed.

VAN BRUNT, P. J.:

This action was brought upon a receiver's bond given by one A. Dewitt Baldwin upon his appointment as receiver in the year 1876 in an action for the dissolution and liquidation of the copartnership existing between the plaintiff and one Dauchy, and the only question necessary to consider upon this motion is, whether an action can be brought against the sureties upon a receiver's bond without first having the accounts of the receiver duly settled.

The evidence in this case showed that the receiver had received some money in 1876; that he had incurred obligations in the business of the receivership; that there were debts of the firm of which he was appointed receiver; that he had died, and that an administratrix had been appointed, and that no proceedings had ever been taken to compel an accounting either by the receiver or his administratrix. We do not think that this action can be maintained without an accounting. There were no insuperable obstacles to an accounting; there was an administratrix of the receiver who could

be called upon to account in proceedings to establish a claim against his estate.

The plaintiff claims to treat this bond as though made to himself and his partner, whereas it runs to the People of the State ; is a bond not only for the benefit of the partners, but also their creditors.

It appears that in November, 1884, there were debts unpaid of the firm, and there is no evidence that they have been paid. It also appears that the receiver had incurred liabilities in the performance of his trust, and, although it may be true that these claims are not liens upon the funds in the receiver's hands, and are personal claims, yet they are claims which, if properly incurred, the receiver, upon an accounting, would be allowed to pay out of the funds in his hands.

The claims of creditors and the disbursements of the receiver and the claims against him in the administration of the trust cannot be determined in an action upon the bond. There must be an accounting to settle the amount of the liability of the receiver, and to whom such liability exists, before an action upon the bond will lie.

In the case of *Cuddeback* v. *Kent* (5 Paige, 96) no such question was involved, and the later case, *Salisbury* v. *Van Hoesen* (3 Hill, 77), entirely coincides with the view above taken, and it seems to be absolutely necessary for the protection of all the parties whom the obligee of the bonds represents, that such a course should be pursued.

The motion for a new trial must be granted, with costs to the defendant, to abide the final event.

Brady, J., concurred.

Daniels, J. :

The rule that there should be an accounting settling the receiver's accounts before an action upon his bond can be maintained is sustained by *State* v. *Gibson* (21 Ark., 140) ; *Bank of Washington* v. *Creditors* (86 N. C., 323) and *Atkinson* v. *Smith* (89 id., 72), and also by the authorities referred to in the opinions. And the result from it is, that this judgment must be reversed, as that is directed in the opinion of the presiding justice.

Motion for new trial granted, with costs to the defendant, to abide the final event.