JAMES C. FRENCH, Appellant, *v.* SAMUEL T. DAUCHY et al., Respondents.

An action is not maintainable upon a receiver's bond, until proceedings for an accounting are had against him, or in case of his death without having rendered an account, until such proceedings are had against his personal representatives; at least where no reason appears why such an accounting could not be had.

This rule is not qualified by the fact that the bond contains no provision for a report or accounting by the receiver.

*Cuddeback* v. *Kent* (5 Paige, 92); *Carow* v. *Mowatt* (2 Edw. 57), distinguished.

*Ludgater* v. *Channell* (15 Sim. 479; 3 Mac. & G. 175), distinguished and explained.

Reported below, 57 Hun, 100.

(Argued June 16, 1892; decided October 1, 1892.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made June 6, 1890, which sustained defendants' exceptions, set aside a verdict directed for the plaintiff and granted a new trial.

In 1876, the defendant, George K. Dauchy, having been member of a firm composed of himself and the plaintiff herein brought an action against the latter for the dissolution of the copartnership and for the appointment of a receiver, etc. One A. DeWitt Baldwin was appointed such receiver, and he with the defendants, Samuel T. Dauchy and Joseph W. Nicholas, as his sureties, made a bond having the condition that if Baldwin should faithfully discharge the duties of his trust as such receiver the obligation should be void, otherwise in force.

The receiver died in 1880 having received from the proceeds of the partnership property $842.65. The evidence tends to prove that he was insolvent at the time of his death,

soon after which letters of administration were issued to his widow, Mary E. Baldwin. The receiver rendered no account, nor did he pay over the moneys which came to his hands as such.

That action was terminated in 1884 by judgment which directed Dauchy to pay to French a sum found due him upon the account between them.

This action was commenced in 1888 and George K. Dauchy was made defendant because he refused to join as plaintiff. He answered and alleged that he procured the defendant, Samuel T. Dauchy, to become a surety for the receiver and undertook to indemnify him. The trial court directed a verdict for the plaintiff for one-half the amount of the moneys which had come to the hands of the receiver (less his fees and twenty-five dollars paid by him to his attorney) and interest from the time of his death.

*Edward D. McCarthy* for appellant.

*S. B. Brownell* for respondents.

Bradley, J. The right of the plaintiff to maintain the action is challenged because no proceedings had been taken to require the administratrix, etc., of the receiver to render an account of the trust and for the omission to make her a party defendant. This is in form an action at law upon the bond and was tried as such. It is not seen how the administratrix in an action of that character could properly be joined as a defendant, although she might in equity be called upon to account for the trust assumed by her intestate as receiver.

In *Cuddeback* v. *Kent* (5 Paige, 92) it was held that a guardian and his sureties might be joined as defendants in an action in equity, and relief be awarded for breach of the trust of the former, and thus avoid circuity of action or multiplicity of suits.

And in *Carow* v. *Mowatt* (2 Edw. 57) a bill was filed against the personal representative of the deceased adminis-

trator and his sureties for the purpose of establishing *devas-tavit* by the administrator, to make it good so far as his assets would do so, and charge the deficiency upon his sureties in the bond. It was there held that the bill for such purpose could be sustained. It is, however, the general rule that the liability of sureties in such cases on their obligation is at law only, and that preliminarily to the action the settlement of the account of the trustee is essential. (*Stilwell* v. *Mills*, 19 Johns. 304.) And in *Salisbury* v. *Van Hoesen* (3 Hill, 77) the views of the chancellor in *Cuddeback* v. *Kent* and the doctrine of that case were disapproved ; and it was there held that the bond could not be prosecuted before proceedings for an account were had against the guardian, and that where he has died without rendering an account, like proceedings should first be had against his personal representatives. This was the doctrine of *Perkins* v. *Stimmel* (114 N. Y. 359); and it is in accord with the rule declared in *Hood* v. *Hood* (85 N. Y. 561), where *Carow* v. *Mowatt* was criticised.

But it is suggested that in cases relating to the personal representatives of deceased persons and guardians, the condition of the bonds and the proceedings are regulated by statute, and that as it is not so as to receiverships, a different rule resting upon the common law prevails. It is true that while the testamentary mode of disposition of estates is of very great antiquity, the manner of execution of testaments and of the administration of estates of testators and intestates is in this state and quite generally regulated by statute ; and the conferring upon surrogates the power to appoint guardians and take their account, etc., the whole subject of which before then was within the jurisdiction of the Court of Chancery, is also dependent upon the statute, and by it the proceedings are also in the main regulated. They are quite in harmony with the proceedings as they were conducted prior to the time the present statutory regulations were perfected. And so far as relates to those which are the subject of controversy in the present action, they were analogous to those applicable to cases of receivers and the prosecution of their bonds. The

latter were matters of practice of the Court of Equity, within which was the jurisdiction over the subject; and that practice was to make the prosecution of the bond of the receiver depend upon an accounting against him had in equity. (*Dawson* v. *Raynes,* 2 Russ. 466 ; *Ludgater* v. *Channell,* 15 Sim. 479 ; 3 Mac. & G. 175.) In the latter case the receiver had died and the question arose upon petition for leave to sue his personal representatives and sureties, or that his personal representatives be directed to pass the accounts in respect to the trust estate. The petition was founded on a report of the receiver's accounts by the master to the effect that a balance *exceeding* £6,000 remained due. The specified sum was paid. The petition was dismissed by the vice-chancellor ; and on review the chancellor without deciding whether the sureties should pay or the administratrix be called upon to account in that form of proceeding, held that the prayer of the petition for leave to sue the sureties should be granted. For the purposes of that relief the petition was founded in part at least upon the fact that an unascertained balance was found due by the master's report. The chancellor there said substantially that where a receiver absconds it becomes impracticable to ascertain what is due from him, and there may be other cases presenting like difficulties in that respect. And in *Hood* v. *Hood,* Judge RAPALLO remarked : "Assuming that in a case where the statutory remedies upon the bond cannot be pursued a court of equity can interpose and establish a breach in some other manner, and give a remedy against the sureties without any order for the prosecution of the bond, all the authorities which have been cited agree that special circumstances must be shown establishing the necessity for the interposition of a court of equity, and that if the legal remedies can be pursued, they alone can be resorted to."

The *Ludgater* case is not necessarily an authority in support of the plaintiff's action. It cannot be said that the leave granted would have been there given if it had not appeared from the master's report that there remained some balance due from the receiver; and the chancellor was careful to add

that the right to recover against the sureties without an accounting by the personal representative was not decided.

Although the conditions of such bonds are usually broader than the one in question, and contain a provision for a report or an accounting, yet the omission of it does not have the effect in such case to qualify the rule of practice applicable to the proceedings preliminary to the prosecution of the obligation. The sureties are properly chargeable for no greater amount than that which their principal is liable to pay; and it is deemed quite essential that his accounting should be had to ascertain what, if any, charges and expenses of the trust he may be entitled to have allowed to him by way of abatement of the amount due from him. In the present case evidence was offered tending to prove that the receiver had incurred certain expenses in the execution of the trust. And in proceedings against the administratrix for an accounting, those questions could be disposed of, and the amount or balance actually due from him at the time of his death ascertained or in such manner represented as to furnish the foundation for an action on default in its payment. No reason appears why such accounting could not and should not have been had preliminarily to the action against the sureties. And for that reason the order should be affirmed and judgment absolute directed against the plaintiff.

All concur.

Order affirmed and judgment absolute for defendants.