(137 App. Div. 306.)

BEARDSWORTH v. WHITEHEAD et al.

(Supreme Court, Appellate Division, First Department. March 24, 1910.)

1. WITNESSES (§ 284*)—FAILURE TO APPEAR FOR CROSS-EXAMINATION—REMEDIES.

While there may be circumstances under which the failure or refusal of a party to appear and be examined by his adversary will justify either a stay of the proceedings or a dismissal thereof, the existence of such circumstances must be clearly shown; the usual remedy for failure or refusal of witness to appear for cross-examination being to strike out his testimony.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 913; Dec. Dig. § 284.*]

2. RECEIVERS (§ 191*)—WITNESSES—EXAMINATION.

It being the duty of a receiver appointed by the court to account when called on so to do, where he refused, the party for whose property he was appointed receiver and who had applied for an accounting was entitled to build up an account as best she could, and was not bound to do it by her own testimony if other testimony was available, and on her refusal to appear for cross-examination the remedy was to strike out her testimony in chief, and not to stay or dismiss the proceedings.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 382; Dec. Dig. § 191.*]

Appeal from Special term, New York County.

Action by Lillie Beardsworth, individually, etc., against John L. Whitehead, individually, etc., Ida Harnden and others. From an order directing said Harnden to appear before a referee to continue her testimony, she appeals. Reversed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

See, also, 119 App. Div. 864, 865, 104 N. Y. Supp. 1122; 120 App. Div. 883, 105 N. Y. Supp. 1106.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Jerome Eisner, for appellant.
John S. Wise, Jr., for respondent.

SCOTT, J. The parties to this appeal have contrived, whether by intention or not, to convey to the court very little information as to the history or nature of this controversy. It does appear that the plaintiff was in January, 1902, appointed receiver pendente lite of the appellant's business and bank account. What the nature of the action is or why a receiver was appointed is not stated. On October 2, 1905, appellant obtained an order requiring plaintiff to account as receiver and appointing a referee to take and state her account. She filed no account under this order, but the referee seems to have been able to construct one for her, and reported, as it is said, in favor of appellant, although the purport of his report is not given. It was discovered that the receiver's surety had received no notice of the hearings before the referee, and the matter was referred back to the same referee. Still the receiver refused to file an account. Again, the appellant entered upon the task of constructing an account. After testifying in chief, she became ill and was unable to continue or to appear for cross-examination. The order appealed from directs the appellant to appear for cross-examination on or before a day certain, and directs, in one paragraph, that for failure to appear all proceedings on her part shall be stayed, and in another paragraph that for such failure all proceedings on her part are dismissed without further order.

The papers show no justification for either branch of the order. The usual remedy for the failure or refusal of a witness to appear for cross-examination is to strike out his testimony. Undoubtedly there may be circumstances under which the failure or refusal of a party to a proceeding to appear and be examined by his adversary will justify either a stay of proceedings or even a dismissal of the proceeding, but the existence of such special circumstances must be clearly shown. They are not shown here. It was the duty of the plaintiff, a receiver appointed by and representing the court, to account when called upon to do so. This, as it appears, she has refused to do. The appellant is entitled to build up an account as best she may, and is not bound to do it by her own testimony, if other evidence be available. The general statement by plaintiff's attorney that the appellant's testimony is material and necessary to plaintiff, and that the interest of the plaintiff demand that the testimony be not stricken out, but remain upon the record, is a mere conclusion supported by no facts.

The order appealed from is reversed, with $10 costs and disbursements and the motion denied, with $10 costs. All concur.