GERMAN NATIONAL BANK OF LITTLE ROCK *v.* YOUNG.

Opinion delivered April 17, 1916.

1. RECEIVERS—LIABILITY OF BONDSMEN—BREACH OF BOND.—There is no right of action on the bond of a receiver until a breach of his bond occurs in failing to comply with the orders of the chancery court, in which the receivership is pending.

2. RECEIVERS—BREACH OF BOND.—The breach consists in the refusal to pay over money in accordance with the directions of the court, and creditors who are injured by such breach can then maintain suit at law on the bond.

3. RECEIVERS—BREACH OF BOND—RIGHTS OF CREDITORS.—There is no injury to the individual creditor of the estate in the hands of a re-

ceiver, until there has been an order of distribution by the court, and each. creditor has an independent right of action on the bond for the amount awarded to him in the distribution of the funds in the receiver's hands.

4.  PLEADING AND PRACTICE—STATEMENT OF CAUSE OF ACTION.—The face of the complaint must alone be looked to to determine whether there is a cause of action stated.

5.  RECEIVERS—ORDER OF COURT TO PAY OVER FUNDS.—The complaint alleged a finding by the chancery court that the receiver held a certain sum of money, and was justly indebted to plaintiff in that sum, *held*, tantamount to an allegation that the chancery court ordered the receiver to pay over to plaintiff that amount of the funds in his hands.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little,* Judge, reversed.

*Hill, Fitzhugh & Brizzolara,* for appellant.

1.   Plaintiff had a right to sue. The order of the chancery court gave it that right. Smith on Receiverships, § 380; Brandt on Suretyship, § 154; 3 Enc. Pl. & Pr. 640; Bliss on Code Pl., § 58 (3 ed.); Pomeroy Code Pl. (4 ed.), § 79; 34 Cyc. 508; 112 Ark. 71; 58 *Id.* 593; 86 *Id.* 212; 21 *Id.* 140.

The question of defect of parties cannot be raised by motion. Kirby's Digest, § 6096. The motion could not be considered as a demurrer. The action was transitory. 70 Ark. 151; 103 *Id.* 151.

*Holland & Holland* and *R. W. McFarlane* for appellees.

Appellant had no legal capacity to sue. 79 Ark. 62; 112 *Id.* 71.

McCULLOCH, C. J.  R. A. Young, one of the defendants and appellees, was receiver of the Hiawatha Smokeless Coal Company a corporation, and his co-appellees were sureties on his bond as such receiver. The plaintiff, German National Bank, was one of the creditors of said corporation, and this is an action instituted at law against the receiver and the sureties on his bond to recover the amount alleged to be due to the plaintiff out of the assets of said corporation, in the hands of the receiver, according to the adjustment of his accounts by the chancery court

of Sebastian County. It is alleged in the complaint that said chancery court "restated the account of said R. A. Young, as receiver of said coal company, and found by said judgment that the said R. A. Young had and now has in his hands as such receiver" the aggregate sum of $6,689.75, including interest, and that "said receiver has disposed of the assets of the said coal company and had filed his final account in said chancery court and that the account has been restated by said court as above set forth and that by judgment of said chancery court said defendant, R. A. Young, as such receiver, has been declared justly indebted to the plaintiff in the said sum of $6,689.75 together with the interest and cost mentioned in said judgment."

The defendants appeared and filed a motion to dismiss the suit on the ground that "said complaint shows that the plaintiff is not the only real party in interest and is therefore not entitled to prosecute this suit on behalf of itself to the exclusion of all other parties in interest; that it is necessary to a final determination and adjudication of the controversy that other persons be made parties to this suit; that plaintiff, if successful in the prosecution of this suit, and a judgment rendered in its favor would not be a bar to the prosecution of similar suits by other parties united in interest, and, therefore, to avoid a multiplicity of suits as provided by the statute, the defendants move the court to dismiss the cause." The court evidently treated the motion to dismiss as a demurrer and sustained it and dismissed the action. An appeal has been prosecuted to this court by the plaintiff.

(1-3) The decision of the circuit court is defended on the ground that the allegations of the complaint are not sufficient to show a breach of the bond by the defendants in the failure of the receiver to pay over the funds in accordance with the order of the chancery court. There is no right of action on the bond of a receiver until a breach of his bond occurs in failing to comply with the orders of the chancery court in which the receivership is pending. *State* v. *Gibson*, 21 Ark. 140. The breach

consists of the refusal to pay over money in accordance with the directions of the court, and creditors who are injured by such breach can then maintain suit at law on the bond. There is no injury to the individual creditor of the estate in the hands of a receiver until there has been an order of distribution by the court, and each creditor has an independent right of action on the bond for the amount awarded to him in the distribution of the funds in the hands of the receiver. High on Receivers, § § 129, 130; Alderson on Receivers, § 165; *Kirker* v. *Owings,* 98 Fed. 499; *French* v. *Dauchy,* 134 N. Y. 543.

(4-5)   The face of the complaint must alone be looked to to determine whether there is a cause of action stated (*Euper* v. *State,* 85 Ark. 223); and we are of the opinion that the complaint contains a sufficient allegation as to an order made by the chancery court directing the receiver to pay over the sum of money sought to be recovered. The allegation is that the chancery court found that the receiver now has in his hands said sum of $6,689.75, and that the receiver had been declared by the chancery court to be justly indebted to the plaintiff in that sum which is tantamount to alleging that the chancery court ordered the receiver to pay over to the plaintiff that amount of the funds in his hands. Our conclusion therefore is that a cause of action is stated in the complaint and that the circuit court erred in deciding to the contrary. Of course the truth of the allegations of the complaint can be tested by the proof when the issue is raised by an answer.

.   Reversed and remanded with directions to overrule the demurrer.