BERTRAM L. SLACK, Plaintiff, *v.* HELEN S. McATEE and Others, Defendants.

DAVID E. FRANKENSTEIN, Receiver, Respondent.

Supreme Court, Special Term, Bronx County, December 5, 1940.

*Yawger & Dailey* [*Louis B. Dailey* of counsel], for the plaintiff.

*Thomas E. White,* for the Fidelity & Deposit Company of Maryland, surety.

No appearance for the receiver.

EDER, J. This action was brought to foreclose a mortgage on certain real property in Bronx county. By an order of this court dated September 29, 1939, David E. Frankenstein was appointed receiver to collect the rents issuing out of the real estate in question.

He duly qualified by filing his bond in the sum of $500 and thereupon entered upon the duties of his office as such receiver. On or about May 2, 1940, the plaintiff by purchase acquired title to the premises sought to be foreclosed, including the right to receive all rents and income therefrom. On said May second the action herein was discontinued by stipulation, which among other things provided that " the balance of moneys, if any, remaining in the hands of David E. Frankenstein, the receiver herein, after the payment of the receiver's commission and of compensation to his attorney, be paid to the plaintiff, Bertram L. Slack." In a letter dated May seventh, from plaintiff's attorneys, mailed to the respondent, a copy of the stipulation was inclosed and a request made for the immediate settlement of the receiver's account. The respondent subsequently advised plaintiff's attorneys that he would present his account by May fifteenth at the latest. This he failed to do and plaintiff's attorneys have attempted by many telephonic communications and letters as well to obtain an accounting from the respondent, without avail. There appears to be no actions or proceedings pending against the respondent and it appears that no part of the trust reposed in the respondent as receiver remains to be executed except the settlement, adjustment and allowance of his accounts as said receiver.

A motion was heretofore made directing the respondent to present his accounts as such receiver; respondent was personally served with a copy of the motion papers and personally signed an acknowledgment of their receipt by him; a copy was also served on the surety on his bond. The motion was granted by default and an order made on July 26, 1940, directing the respondent to present his accounts as such receiver and in the event of his failure to do so within ten days, that the matter of the taking and stating of the accounts of said receiver be referred to an official referee of this court to report thereon. Respondent failed to present his accounts as receiver and thereupon notice of hearing was served on the respondent and on the surety. Hearings were held on October seventeenth and November fourth; the respondent defaulted at both hearings; he was served with a subpoena requiring his attendance before the referee on said October seventeenth; he failed to comply therewith and failed to appear and his default was noted. Proof was made before the referee who reports that he has taken and stated the accounts of the respondent as receiver for the period of his receivership from October 1, 1939, to and including May 31, 1940; that the respondent's total receipts amounted to the sum of $1,020; his disbursements or allowances aggregated $206.10, leaving a balance on hand as of May 31, 1940, amounting to the sum of $813.90.

In the proceedings before the referee plaintiff's attorneys requested that the respondent be disallowed commission and any attorney's fees and also requested that they be allowed a counsel fee of $100 and disbursements in this proceeding. The learned referee properly ruled that he was without power to pass upon these requests and that it was for this court to do so. The matter is now before me for disposition.

A receiver acts both as an officer of the court, and as a fiduciary as well; he is held to the strict responsibility placed upon any trustee in the administration of his trust. (2 Tardy's Smith, Law of Receivers [2d ed.], § 613, p. 1714.) While no violent inferences are to be drawn against the respondent from his continued failure to account, he is not entitled to assumptions in his favor. (*Tenth National Bank* v. *Smith Constr. Co.*, 242 Penn. St. 269; 89 A. 76.) The conduct of the respondent is hardly to be regarded with favor.

The plaintiff, unquestionably, was entitled to an accounting, both by the rules of practice as well as by the order of this court. (*Beardsworth* v. *Whitehead*, 137 App. Div. 306; Rules Civ. Prac. rule 181.) In the *Beardsworth* v. *Whitehead* case (*supra*) plaintiff was appointed receiver; an order was made directing her to account, which she failed to do; a referee was appointed to take and state her account. The court said: " It was the duty of the plaintiff, a receiver appointed by and representing the court, to account when called upon to do so. This, as it appears, she has refused to do. The appellant is entitled to build up an account as best she may."

It is provided by rule XI of the Bronx County Supreme Court Rules, entitled " Receiver of rents," that " A receiver of rents appointed by the Supreme Court shall deposit, in his name as receiver, in a bank or trust company authorized to receive deposits of court funds and designated by the court, all moneys received by him; and no withdrawals shall be permitted therefrom except as directed by the court or on a draft or check signed by the receiver and countersigned by the surety on his bond." The order of September 29, 1939, appointing the respondent as receiver, directed that he deposit in his name as receiver, in the Bronx County Trust Company, all moneys received by him. No effort has been made by him to show compliance with the rule or order; he has vouchsafed no explanation whatever in this respect or as to what he has done with the moneys collected by him.

Rule 181 of the Rules of Civil Practice, entitled " Accounts to be kept by receivers of improved real property," defines in detail the duties of such a receiver. *Inter alia*, it provides: " Each receiver of improved real property shall keep a written account, which shall be open for inspection in his office at all reasonable

times to the plaintiff, record owner of the premises, any party against whom a deficiency judgment is sought, and also to any person whose rights are affected by the litigation. * * * Failure to comply with this rule shall, in the discretion of the court, be deemed cause for removal of the receiver or denial of his commissions." While rule 181 appears not to have received any prior construction, its intent and purport are clear. The court, by the adoption of this rule plainly intended to do away with the then prevalent careless and slipshod manner in which receiverships had been conducted and their records kept, and it sought to remedy this condition by imposing clear and specific duties upon the receiver, in the manner and respects therein detailed, to the end that parties in interest or those whose rights are affected by the litigation, should at all reasonable times be afforded every opportunity to know with reasonable certitude and with promptness the status of the estate involved.

The conduct of the respondent evidences throughout a violation of the rules, an utter indifference to them, and the order and process of the court, and, likewise, a total disregard for the duties and responsibilities of his office. In view thereof, and because this application to compel him to account should not have been necessary, he is denied compensation for himself, as receiver, and for any counsel fees. (Rules Civ. Prac. rule 181; *Kronenthal* v. *Rosenthal*, 144 N. Y. Supp. 830.) As to the request of plaintiff's attorneys for compensation for the institution of this proceeding, I am not satisfied the power resides in this court to make such an award. Plaintiff may, however, recover his disbursements.

The report of the official referee is confirmed, and the respondent, as receiver herein, is surcharged the aforementioned sum of $813.90. Submit order.