ASHER COHEN, Plaintiff, *v.* AARON HECHTMAN, Defendant.

Supreme Court, Special Term, New York County, October 24, 1946.

*Harry Grayer* for plaintiff.

*Philip Bassewitz* for defendant.

EDER, J. Motion to remove receiver granted. The receiver herein was appointed to act as such, *pendente lite,* of the moneys, property, assets, business and effects of a partnership. Application is now made for his removal. I shall consider only the ground herein referred to.

The person appointed as receiver was heretofore convicted, on verdict, of a felony — the crime of criminally receiving stolen property — and was sentenced to a term of imprisonment in the State prison. This fact was not disclosed to the court prior to or at the time the appointment was made and it should have been; it was manifestly a matter of importance to the court; had it been revealed the appointment would not have been made.

One appointed or about to be appointed receiver is under an affirmative duty to inform the court of any matter which involves or concerns his reputation and integrity. Failure or omission to do so is a fraud on the court. The office of receiver is one which involves a trust; he is not only an officer of the court but a fiduciary as well (*Slack* v. *McAtee,* 175 Misc. 393) ; he must, obviously, be a person of good morals and honesty; implicit in the appointment is the belief of the court that he is a person of good repute and integrity.

One convicted of an offense involving moral turpitude should not be appointed to such office and should be held to be ineligible and disqualified for appointment as receiver. That is the rule which should prevail in the first instance.

No explanation is offered by the receiver for his failure and omission to apprise the court of his previous record nor has he seen fit to inform the court of the subject matter involved in the crime of which he was convicted and the extent of his connection therewith. He apparently labors under the delusory impression that mere expiation for the crime excused the obligation or necessity to inform the court of his previous record; that he had paid his debt to society.

In the circumstances, he is held to be an unfit person for the office of receiver and was ineligible and disqualified for appointment to such office and he is removed therefrom.

As to the other branch of the motion which seeks a discovery and inspection of the books and records of the partnership, it is not passed upon as the receiver to be appointed will, in all likelihood, afford plaintiff such opportunity.

The successor receiver will be designated in the order to be entered hereon. Settle order.