In the Matter of the Application of the CITY OF NEW YORK for the Appointment of the Treasurer of Such City as Receiver of the Rents and Profits of Real Property Known as Section W3, Block 1224, Lot 16, Borough of Richmond.

Supreme Court, Special Term, Kings County, February 29, 1952.

*Denis M. Hurley, Corporation Counsel* (*Meyer Scheps* of counsel), for receiver, *amicus curiæ.*

*Herbert Ginzburg* for Charles I. Stanfield, claimant.

*Murray Meyer* for Rachel Stein and another, claimants.

*Nathaniel L. Goldstein, Attorney-General,* for Director of Central Islip State Hospital.

MURPHY, J. On this application to settle the account of the New York City Treasurer as a receiver (Tax Law, § 94) and to terminate the receivership, the only point in issue is the disposition of a surplus of rents on hand amounting to the sum of $1,878.42. Such surplus is claimed by the former owners of the real property on the one hand and by the present owner on the other. The latter acquired title through a referee's deed after purchasing from the city a transfer of tax lien for the unpaid taxes for the years 1933 to 1945 and subsequently foreclosing such lien. The rents involved in this accounting were collected during the period from April 1, 1948, to July 31, 1951. The receiver states that '' during the pendency of the above-entitled receivership the arrears in taxes due to the city were

liquidated." The account shows application of current rents to current taxes. It does not appear that the present owner advanced any moneys to pay such taxes. Under such circumstances, it would appear that the owner of the property at the time the rents accrued and were collected is entitled to any surplus remaining.

The corporation counsel who appears for the receiver and who has submitted a memorandum of law as *amicus curiæ* holds this view, which appears to be the proper and equitable one, and the one warranted by judicial interpretation.

As stated in the corporation counsel's memorandum two situations customarily give rise to the development of a surplus in the hands of the city treasurer upon the termination of this type of receivership, to wit:

" 1. Where the premises are encumbered with a transfer of tax lien held by a private person who forecloses that lien and pays taxes subsequent to those contained in the tax lien and thereby creates a surplus in the hands of the receiver.

" 2. Where the premises are encumbered with a transfer of tax lien held by a private person who may or may not foreclose, but the taxes accruing subsequent to those in the transfer of tax lien are paid by the Treasurer as receiver out of the funds received by him from the rents, issues and profits of the premises."

In the first instance, the surplus having been created by payments made by him which should have been made from the income from the property so applied during the receivership, such surplus should be directed to be paid to the holder of the transfer of tax lien, as was held in *Matter of City of New York* (*108–48 New York Blvd.*) (275 App. Div. 1056).

In the second instance the rents, as an incident of the ownership, are due to the person who was the landlord at the time the rent became due. (*Matter of City of New York* [*Section 40, Block 9179, Lot 23*], N. Y. L. J., Aug. 5, 1947, p. 209, col. 2, Queens Co. Special Term, FROESSEL, J., and authorities therein cited; *Matter of City of New York* [*Ward 4, Block 3484, Lot 1*], N. Y. L. J., April 25, 1949, p. 1473, col. 3, Kings Co. Special Term, NOVA, J.)

The two situations as above outlined may be varied of course by others, as where an owner transfers title and assigns his right to the rents. (See *Matter of City of New York* [*Section 44, Block 10150, Lot 58*], N. Y. L. J., June 6, 1949, p. 2010, col. 7, Queens Co. Special Term, DALY, J.) But that is not the case here.

The present situation falls within the latter category of the two first above set forth, entitling the Stein claimants to the surplus.

The application to settle the receiver's account and discharge the receiver is granted. Settle order on notice.