OPINION OF THE COURT
Harold Hyman, J.
In this mortgage foreclosure action, the Hartford Accident and Indemnity Company has moved for a "judgment determining that it may not be held liable to Jamaica Savings Bank on its bond issued by it as Surety for the Receiver” or, in the alternative, for an "order permitting it to enter judgment against the Receiver for the amount of the judgment entered against it by Jamaica Savings Bank, plus costs and attorney’s fees.”
The basic facts upon which this motion is based are as follows:
One, Orenstein commenced a foreclosure of a second mortgage on the premises involved. The receiver was appointed by court order dated March 26, 1976. The receiver duly qualified as required by said order by, inter alia, filing a surety bond issued by movant herein, Hartford, in the amount of $120,000 on April 21, 1976.
As provided by statute (CPLR 6403, 2501, 2502, subd [c]) the undertaking-bond, issued by movant in due form, bound itself and its principal (receiver) unto the people of the State of New York in the sum of $120,000 providing that "the Condition of this Obligation is such, that if the said T. Christopher Pendarvis shall faithfully discharge the duties of His trust, and shall account for all monies received by Him as such Receiver then this obligation shall be void; otherwise to remain in full force and virtue.”
A default having also ensued with regard to payment of the first mortgage, that mortgagee (Jamaica) commenced foreclosure of said mortgage as to said real property and on April 23, 1976 obtained an ex parte order "extending” the above receivership of the identical receiver to its foreclosure action in accordance with CPLR 6401 (subd [b]).
*656 It is not denied by either party that the prior mortgage foreclosure action by Orenstein of her second mortgage and the receiver’s bond issued by Hartford in the prior action related to both premises 147-25 88th Avenue and 144-56 225th Street (both in Queens County), but that the receivership was extended by the court only as to the premises 147-25 88th Avenue. Therefore, for all intents and purposes, liability, if any, exists by Hartford to Jamaica only as to acts concerning the receiver as to that latter specific property.
The contention of Hartford that since the Orenstein action and the Jamaica action are separate and distinct, and, that, even though it received notice from the receiver of the "extension of his receivership to the Jamaica (second) action” approximately seven days after it issued its bond for said receiver and simultaneously also received partial payment of the premium at that same time, and, even though it also simultaneously received notice from said receiver that such "extension” enured to the benefit of Jamaica, that since it, Hartford, took no action and did nothing with regard thereto, liability on its bond can only be as to the interests of Orenstein and not as to the interests of Jamaica.
Movant is mistaken as to the true nature of a "receivership”.
A receiver is an officer only of the court, subject, at all times, only to its direction and control (Bank of Manhattan Trust Co. v Twenty-One Sixty-Six Broadway Corp., 237 App Div 734; Alexander v Valumet Chocolate Co., 240 App Div 769; Thellusson v State of New York, 176 Misc 301) and acting merely as its arm (Riker v Browne, 204 NYS2d 60). A receiver is a mere custodian and agent of the court whose functions are limited to the care and preservation of the property committed to his charge (Cohen v Sherman, 279 App Div 939) but, with the primary duty to preserve and protect the property for the benefit of all persons interested in the estate (Matter of Stoll-Meyer Woodcrafters, 84 NYS2d 757). Contrary to movant’s contention, a receiver owes his allegiance only to the court and not to the one who specifically sought his appointment (Decker v Gardner, 124 NY 334); nor is he the "agent” of the party who procured his appointment (Stannard v Reid & Co., 118 App Div 304). Even a receiver in foreclosure is not the agent of the mortgagee or the owner of the property, but is solely an instrument, an arm, of the court (Knickerbocker Ice Co. v Benson, 155 Misc 738).
*657 Furthermore, the office of receiver is one of trust, for not only is the receiver an officer of and arm of the court, but he is also a fiduciary as well (Cohen v Hechtman, 187 Misc 994), one who is acting for the benefit of all parties interested in the action (Howell v Ripley, 10 Paige ch 43; Vincent v Parker, 7 Paige ch 65; Slack v McAtee, 175 Misc 393) and holding the receivership property in custodia legis (Bufford v Bradshaw, 20 Misc 2d 53).
Where, as here, a receiver has been appointed and has taken possession of the property in issue, it is the proper course for a party claiming an interest in either the whole or part of said property, even though it be in another action, to apply for an extension of said receivership (O’Mahoney v Belmont, 62 NY 133; Sokolow v Gabriel Real Estate Corp., 233 App Div 458; CPLR 6401, subd [b]).
 It is therefore the opinion of this court that movant’s motion seeking declaration that it has no liability to Jamaica on its joint undertaking, that is upon the receiver’s bond, assuming that the receiver is liable to Jamaica, is not well taken (French v Dauchy, 57 Hun 100, affd 134 NY 543). Undertakings given in the course of judicial proceedings, even though they name the State as obligee, aré for all legal intents and purposes designed to protect the rights of and are for the benefit of the private parties to the proceeding. CPLR 2513 permits the party for whose benefit such an undertaking is given to bring suit upon the bond in his own name, provided that he obtains leave from the court to do so and upon notice to persons interested in the disposition of the proceeds; and, this is so since a receiver is such a statutory "Public Officer” within the meaning of the statute (Public Officers Law, § 28; 2a Weinstein-Korn-Miller, NY Civ Prac, pars 2513.01, 2513.02).
The movant’s other request (in advance of any finding of liability against the receiver) for leave to enter judgment in its favor against the receiver personally for any judgment which may be entered against the receiver by Jamaica, is, at best, premature. Until there has been a determination by the court, based upon the receiver’s accounting, that any liability of the receiver to Jamaica exists in relation to the receiver’s acts with regard to his receivership, no suit, based upon such alleged liability can be maintained against the surety on the instrument (undertaking). (Willamouicz v Strong, 8 Ark 467; Rumsey Elec. Co v University of Del., 334 A2d 226, affd 358
*658 A2d 712 [Del]; Coe v Patterson, 122 App Div 76; French Dauchy, 57 Hun 100, affd 134 NY 543, supra).
The motion is in all respects denied.