■ MARY COPPETO, Plaintiff, v 472 SOUTH TENTH REALTY CORP., Respondent, and ST. DOUGLAS SUPERMARKET, INC., as Successor in Interest to DOYLE BALDANTE, INC., EMPLOYEES PENSION TRUST, Appellant, et al., Defendants. — In a mortgage foreclosure action, St. Douglas Supermarket, Inc., appeals from an order of the Supreme Court, Westchester County (Wood, J.), entered February 2, 1982, which denied its motion, *inter alia,* to vacate so much of an order of the same court, dated November 17, 1981, as directed that the balance of moneys in the hands of the receiver be paid over to respondent, 472 South Tenth Realty Corp. Order reversed, with $50 costs and disbursements, motion granted to the extent that the fifth decretal paragraph of the order dated November 17, 1981, which directs the disbursement of surplus moneys, is vacated, motion otherwise denied, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith. The subject property in Mount Vernon was purchased by respondent 472 South Tenth Realty Corp. from the predecessor in interest of the plaintiff, Mary Coppeto. Coppeto was the holder of a purchase-money first mortgage on the property. Doyle Baldante, Inc., Employees Pension Trust (hereinafter Doyle Baldante) held a second mortgage on the property. Appellant St. Douglas Supermarket, Inc., was a tenant of the premises. Respondent fell into arrears in its payments to the second mortgagee and in its tax payments to the City of Mount Vernon. Doyle Baldante instituted a foreclosure action, filed March 24, 1980, against respondent. Coppeto commenced the instant, separate foreclosure action against respondent on June 5, 1980, and thereafter applied for the appointment of a receiver to collect rents from tenants of the premises pending the outcome of her action. The receiver commenced his duties on July 8, 1980. In the earlier action to foreclose the second mortgage, Special Term granted

Doyle Baldante a judgment of foreclosure. Pursuant to the judgment, the property was sold at public auction on November 12, 1980, to Doyle Baldante, the highest bidder, for the sum of $100. On the same date, the referee delivered a deed to the mortgaged premises to Doyle Baldante. In his report of sale, the referee computed that the amount due Doyle Baldante under the judgment of foreclosure exceeded the amount paid on the sale by $12,784.04. By order entered March 12, 1981, Special Term denied Doyle Baldante's motion for a deficiency judgment upon the ground that the equity acquired by that party exceeded the value of its second mortgage. Doyle Baldante transferred title to the subject property to Q. V. 104 Holding Corp. which in turn conveyed it to appellant by a deed dated May 26, 1981. As part of this transaction, appellant assumed the balance of Coppeto's first mortgage (totaling about $45,500) and settled the tax arrearages with the city for $33,000. Coppeto discontinued the instant action to foreclose her first mortgage and requested termination of the receivership on the premises. By order dated November 17, 1981, Special Term approved the receiver's account, awarded him a commission, made an award of counsel fees to the receiver's attorneys and directed that the surplus moneys remaining in the hands of the receiver after the deduction of the commission and counsel fees be turned over to the respondent mortgagor. By order to show cause, dated November 20, 1981, appellant moved to vacate so much of the court's decision and order entered thereon as directed that the surplus moneys be turned over to respondent. The order to show cause contained a provision staying the distribution of funds by the receiver. On February 2, 1982, Special Term denied appellant's motion, reaffirmed its prior decision directing that the surplus be paid to respondent, and vacated the stay. We reverse. Appellant claims that as the successor in interest to Doyle Baldante, it is entitled under RPAPL 1371 (subd 4) to the surplus in the hands of the receiver. However, that provision is inapplicable because the receiver was appointed in the instant mortgage foreclosure action commenced against respondent by Mary Coppeto, the first mortgagee, and not in the foreclosure action commenced by Doyle Baldante, the second mortgagee. The receiver was acting for the benefit of Coppeto and not the second mortgagee (see *Metropolitan Life Ins. Co. v Rosenfield*, 153 Misc 218). There is no evidence that Doyle Baldante applied for an extension of the receivership pursuant to CPLR 6401 (subd [b]) (*Jamaica Sav. Bank v Florizal Realty Corp.*, 95 Misc 2d 654). Since RPAPL 1371 (subd 4) does not apply, the surplus must be distributed according to the rule that it belongs to the owner of the property at the time the rents accrued (see *Matter of City of New York [Sec W3 Block 1224, Lot 16, Borough of Richmond]*, 201 Misc 592). Respondent's ownership terminated on November 12, 1980, the date of the sale under Doyle Baldante's judgment of foreclosure (*Prudence Co. v 160 West 73rd St. Corp.*, 260 NY 205). Appellant, as the successor in interest to Doyle Baldante, is entitled to that percentage of the surplus which accrued after this date. Respondent is entitled to that percentage of the surplus which accrued between the commencement of the receivership and November 12, 1980. Appellant is not as a matter of equity entitled to the entire surplus although it paid respondent's tax arrearages, because it has been more than compensated for this payment by its acquisition of the property, which is worth well over the sum it paid (cf. *Matter of City of New York [Sec W3 Block 1224, Lot 16, Borough of Richmond]*, 201 Misc 592, *supra*). Accordingly, the matter is remitted to Special Term for a computation of the sums due to respondent as the owner before the sale and to appellant as the successor in interest to Doyle Baldante, the purchaser thereat. O'Connor, J. P., Bracken, Niehoff and Boyers, JJ., concur.