Pala Asset Holdings Ltd. v Rolta, LLC (2022 NY Slip Op 04100)

Pala Asset Holdings Ltd. v Rolta, LLC

2022 NY Slip Op 04100

Decided on June 23, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 23, 2022

Before: Manzanet-Daniels, J.P., Webber, Gesmer, Scarpulla, Shulman, JJ. 

Index No. 652798/18 Appeal No. 16196 Case No. 2022-00467 

[*1]Pala Asset Holdings Ltd., et al., Plaintiffs,
v
Rolta, LLC, et al., Defendants. Thompson Hine LLP, Nonparty-Appellant,

Thompson Hine LLP, Atlanta, GA (John C. Allerding of the bar of the State of Ohio and State of Georgia, admitted pro hac vice, of counsel), for appellant.
Thompson Coburn Hahn & Hessen LLP, New York (Zachary G. Newman of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered February 3, 2022, which denied nonparty appellant's motion to withdraw as counsel for defendant Rolta International, Inc., unanimously affirmed, without costs, without prejudice to renewal after compliance with the Court's December 15, 2021 order.
In January 2021, nonparty appellant Thompson Hine LLP was engaged to represent defendant Rolta International, Inc. In February 2o21, Thompson Hine entered an amended engagement agreement with Rolta India, Rolta International, and the other defendants as clients (defined in the agreement collectively as the Rolta Group). Pursuant to the agreement, Rolta India, its Executive Chairman and Managing Director, Kamal K. Singh, and Rolta Overseas Private Ltd., agreed to "pay the legal fees, filing fees, and other related costs associated with [the] representation of each Rolta Group Member."
On September 2, 2020, Supreme Court entered a judgment in favor of plaintiffs against defendants. It was supplemented by a second judgment entered in December 2020, for an amount in excess of $220 million. In October 2020, the court issued a turnover order directing defendants to turn over to plaintiffs all cash on hand as well as their ownership interests in various Rolta entities, sufficient to satisfy the judgment. In March 2021, the court granted plaintiffs' motion under CPLR 5228 for the appointment of a receiver over Rolta India's ownership interests, finding that it had failed to comply with the turnover order.
In April, Supreme Court issued an order stating that:
"the Receiver, in consultation with the Judgment Creditors, is authorized to exercise all powers and authority that Rolta India possesses by virtue of the Ownership Interests that the Receiver deems reasonable and prudent to effectuate or implement the terms of the [Turnover Order] or to satisfy the [September 2 Judgment]," including "to exercise any and all voting rights associated with the Ownership Interests," "to remove and appoint any board member or officer of [Rolta International]," and "to direct officers, directors and employees, attorneys, advisors, agents or other representatives of [Rolta International]."
Further, "any Defendant, its respective agents, servants, employees, officers and directors and all those claiming under or through it shall comply with the directives of the Receiver."
Thompson Hine contends that conflicts of interest between its clients and the Receiver constitute good cause for its withdrawal as counsel for Rolta International, Inc. (see Kaufman v Kaufman, 63 AD3d 618 [1st Dept 2009]). However, the record establishes no such conflicts. Thompson Hine does not represent the Receiver (see Holloman v Manginelli Realty Co., Inc. 81 AD3D 413 [1st Dept 2011]; see generally Jamaica Sav. Bank v Florizal Realty Corp., 95 Misc 2d 654, 656 [Sup Ct, Queens County 1978]), and the Receiver does not control Rolta International's operations. Thompson Hine's argument [*2]that the Receiver's failure to pay its fees constitutes good cause for withdrawal is also unavailing. The engagement agreement in place at the time Thompson Hine sought to withdraw required Rolta India, its executive chairman and managing director, Kamal K. Singh, and another related entity to pay the Receiver's legal fees.
We have considered counsel's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2022